GAUTHIER v ALPENA COUNTY PROSECUTOR

Docket No. 253200. Submitted May 19, 2005, at Marquette. Decided June 28, 2005, at 9:05 a.m.

Wayne Gauthier, doing business as the Concert Connection, brought an action in the Alpena Circuit Court against the Alpena County Prosecuting Attorney for a declaratory judgment regarding the legality of various items the plaintiff offered for sale. The prosecutor had advised the plaintiff by written notice that the items were drug paraphernalia, as defined in MCL 333.7451, and that MCL 333.7453 prohibited their sale. The court, John F. Kowalski, J., determined that certain items were drug paraphernalia, and were also not exempt from regulation pursuant to MCL 333.7457, despite the fact that those items may be used in the preparation or smoking of tobacco or smoking herbs other than controlled substances. The plaintiff appealed.

The Court of Appeals *held*:

The trial court did not err by determining that the items at issue were drug paraphernalia, but did err by determining that the items were not exempt from regulation under the drug paraphernalia statutes pursuant to MCL 333.7457(d). The plain language of MCL 333.7457(d) exempts items that may be used in the preparation or smoking of tobacco or smoking herbs other than controlled substances. This exemption effectively consumes the definition of "drug paraphernalia" regarding these items, and creates a loophole that could legalize the sale of many items that are, in fact, drug paraphernalia. While the result is absurd, the language of the statute is clear and unambiguous and therefore must be enforced as written.

Affirmed in part and reversed in part.

CONTROLLED SUBSTANCES — DRUG PARAPHERNALIA — EXEMPTION FROM REGULATION.

Items that fit the definition of "drug paraphernalia" because they are specifically designed for use in introducing a controlled substance into the human body are nonetheless exempt from regulation as drug paraphernalia if those items may be used in the preparation or smoking of tobacco or smoking herbs other than

controlled substances; the statute only requires the possibility of use for those purposes for the exemption to apply, not actual use (MCL 333.7451, 333.7457[d]).

*Denise M. Burke* for the plaintiff.

*Dennis P. Grenkowicz*, Prosecuting Attorney, and *Richard K. Steiger*, Assistant Prosecuting Attorney, for the defendant.

Before: MURRAY, P.J., and O'CONNELL and DONOFRIO, JJ.

PER CURIAM. Plaintiff appeals as of right a declaratory judgment in which the trial court declared that certain items offered for sale at plaintiff's business constitute "drug paraphernalia" under MCL 333.7451, and were sold or offered for sale in violation of MCL 333.7453(1). We affirm in part and reverse in part.

Plaintiff is the owner and operator of a small business called Concert Connection, which is located in Alpena. Concert Connection offers a variety of items for sale, including hats, T-shirts, wall hangings, black-light hangings, pipes, patches, stickers, posters, and rock and roll memorabilia. In February 2003, Michigan State Police Detective Sergeant Robert Hahn, who was assigned to an undercover narcotics team, investigated plaintiff's business and observed items that he believed to be drug paraphernalia being offered for sale. Thereafter, pursuant to MCL 333.7453(2), the Alpena County Prosecuting Attorney sent plaintiff written notice informing him that various products offered for sale at Concert Connection constituted drug paraphernalia under MCL 333.7451, that MCL 333.7453 prohibits the sale of drug paraphernalia, and that he would be arrested if he did not refrain from selling such items. A second letter from the Alpena County Prosecuting

Attorney's office to plaintiff specifically described the items plaintiff was allegedly selling in violation of MCL 333.7453 as all pipes and instruments used for smoking marijuana, including "dugouts," "one-hitters," water pipes (commonly referred to as "bongs"), and "bowls," handheld metallic scales, cocaine kits, "bullets," "snorters," and small spoons, with or without a chain and glass vial attached, that are used to snort controlled substances.

Plaintiff filed an action seeking a declaratory judgment[1] regarding the legality of the items he was offering for sale at his store. Specifically, plaintiff sought a ruling regarding whether the items constituted drug paraphernalia under MCL 333.7451 or whether the items were exempt from the definition of "drug paraphernalia" under MCL 333.7457(d) and (e). After conducting a hearing on the matter, the trial court issued a declaratory judgment. The trial court determined that the handheld metallic scales identified by the prosecutor did not constitute drug paraphernalia under MCL 333.7451. However, the trial court determined that certain other items that plaintiff offered for sale at his store, including pipes constructed from glass, stone and metal with a metal screen filter, bongs (with or without an attached rubber face mask), dugouts, and cocaine bullets constituted drug paraphernalia under MCL 333.7451, and were not exempt under MCL 333.7457.

Plaintiff's appeal requires this Court to interpret certain provisions of the controlled substances act, which is article 7 of the Public Health Code, MCL

---

[1] A person who receives written notice under MCL 333.7453(2) that he or she is in possession of material that has been determined to be drug paraphernalia under MCL 333.7451 "may commence an action for a declaratory judgment to obtain an adjudication of the legality of the intended sale or offer to sell." MCL 333.7459(1).

333.7101 *et seq.* The interpretation of statutes involves a question of law, which we review de novo. *Eggleston v Bio-Medical Applications of Detroit, Inc,* 468 Mich 29, 32; 658 NW2d 139 (2003). This Court reviews a trial court's decision to grant or deny declaratory relief for an abuse of discretion. See *Allstate Ins Co v Hayes,* 442 Mich 56, 74; 499 NW2d 743 (1993).

MCL 333.7453(1) prohibits the sale of drug paraphernalia. A person who is convicted of selling drug paraphernalia under MCL 333.7453 is guilty of a misdemeanor. MCL 333.7455. "Drug paraphernalia" is defined by MCL 333.7451 as

> any equipment, product, material, or combination of equipment, products, or materials, which is specifically designed for use in planting; propagating; cultivating; growing; harvesting; manufacturing; compounding; converting; producing; processing; preparing; testing; analyzing; packaging; repackaging; storing; containing; concealing; injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance; including, but not limited to, all of the following:
>
>          \*    \*    \*
>
> (c) A weight scale or balance specifically designed for use in weighing or measuring a controlled substance.
>
>          \*    \*    \*
>
> (f) An object specifically designed for use in ingesting, inhaling, or otherwise introducing marihuana, cocaine, hashish, or hashish oil into the human body.
>
>          \*    \*    \*
>
> (i) A device, commonly known as a cocaine kit, that is specifically designed for use in ingesting, inhaling, or otherwise introducing controlled substances into the human body, and which consists of at least a razor blade and a mirror.

(j) A device, commonly known as a bullet, that is specifically designed to deliver a measured amount of controlled substances to the user.

(k) A device, commonly known as a snorter, that is specifically designed to carry a small amount of controlled substances to the user's nose.

* * *

(m) A spoon, with or without a chain attached, that has a small diameter bowl and that is specifically designed for use in ingesting, inhaling, or otherwise introducing controlled substances into the human body.

MCL 333.7457 exempts certain items from the prohibition on the sale of drug paraphernalia. The relevant exemption under the facts of this case is contained in MCL 333.7457(d), which provides that "[e]quipment, a product, or material which *may be used* in the preparation or smoking of tobacco or smoking herbs other than a controlled substance" is exempt from the definition of "drug paraphernalia." (Emphasis added.)[2]

Plaintiff argues that the trial court erred in concluding that certain items offered for sale at his store constituted drug paraphernalia under MCL 333.7451 because they were not "specifically designed" for the uses listed in MCL 333.7451. We disagree. We affirm the trial court's conclusion that the items in question are drug paraphernalia because these items are specifically designed for the uses listed in MCL 333.7451. Historical uses dictate that such items as a bong, a dugout, and a

---

[2] The problem with the statute is that even if each item were designed solely for the purpose of introducing a controlled substance into the human body, it would still be exempt if it "may be used" in the preparation and smoking of tobacco. We note the obvious: any item that is used to smoke marijuana may be used to smoke tobacco. The statute itself does not require that it be used to smoke tobacco, only that it "may be" used to smoke tobacco.

cocaine bullet are "specifically designed" to introduce a controlled substance into the human body. Notwithstanding the fact that the pipes, bongs, and dugouts are "specifically designed" to introduce a controlled substance into the human body, however, we note that such items "may be used in the preparation or smoking of tobacco or smoking herbs other than a controlled substance," and therefore are exempt from the definition of "drug paraphernalia" under MCL 333.7457(d).[3] The trial court erred when it failed to apply the exemption.

Although the trial court ultimately held that the pipes, bongs, and dugouts that plaintiff's store offered for sale were not exempt from the definition of "drug paraphernalia," the trial court correctly observed that, under the plain language of MCL 333.7457(d), the pipes, bongs, and dugouts would be exempt because, "due to the similarity in the nature of tobacco and marijuana, it is within the realm of possibility that bongs, the pipes identified by this Court as drug paraphernalia, and dug-outs may be used in the legal preparation or smoking of tobacco or herbs." However, the trial court concluded that a plain reading of the exemption contained in MCL 333.7457(d) "would render the drug paraphernalia statute meaningless."[4] Therefore, in an attempt to give effect to all provisions of the controlled substances act, the trial court interpreted "the term 'may' to refer to the *likelihood* that such items will be used to smoke tobacco, rather than the *ability* of a person to use such items to smoke

---

[3] Regarding the cocaine bullet, we observe that MCL 333.7451(j) specifically includes a "bullet" in the definition of "drug paraphernalia," so we agree with the trial court's conclusion that the cocaine bullets described by the investigating officer constituted drug paraphernalia.

[4] We agree with the trial court that, regarding these items, the exemption consumes the statute and renders the statute, for the most part, meaningless.

tobacco." Using its interpretation of the term "may," the trial court concluded that there was " 'essentially no likelihood whatsoever' " that the pipes, bongs, and dugouts were being used to smoke tobacco and therefore ruled that the pipes, bongs, and dugouts were not exempt under MCL 333.7457(d).

We laud the trial court's creative attempt to make sense of an exemption that, at best, is puzzling, and, at worst, creates a substantial loophole that effectively swallows the definition of "drug paraphernalia" in MCL 333.7451. On the one hand, MCL 333.7451 broadly defines "drug paraphernalia" as "[a]ny equipment, product, [or] material . . . which is specifically designed for use in . . . introducing into the human body a controlled substance . . . ." On the other hand, the exemption contained in MCL 333.7457(d), which exempts any product or material that "may be used" to smoke tobacco, herbs, or something other than a controlled substance, is itself so broad that it nearly consumes the definition of "drug paraphernalia" contained in MCL 333.7451 and effectively creates a loophole that could result in legalizing the sale of many items that do, in fact, constitute drug paraphernalia.

While we appreciate the difficult task faced by the trial court in attempting to rectify these two impossibly inconsistent statutes, we nevertheless hold that the trial court erred by concluding that the pipes, bongs, and dugouts were not exempt under MCL 333.7457(d). The language of MCL 333.7457(d) plainly exempts "[e]quipment, a product, or material which *may be used* in the preparation or smoking of tobacco or smoking herbs other than a controlled substance." (Emphasis added.) As used in this context, the term "may" is "used to express possibility . . . ." *Random House Webster's College Dictionary* (1997). See also Black's Law Dictio-

nary (8th ed) (defining the term "may" as "[t]o be a possibility"). As the trial court correctly observed, because of the similar nature of marijuana or hashish and tobacco or herbs, it is possible to use a pipe, bong, or dugout to smoke tobacco or herbs that are not controlled substances. Indeed, the prosecutor's only witness testified that the Smoke Stopper, water pipe, and onyx pipe admitted as exhibits could be used for smoking tobacco. Therefore, we hold that under the plain language of MCL 333.7457(d), the pipes, bongs, and dugouts offered for sale at plaintiff's business are exempt from the definition of "drug paraphernalia."

The trial court's statements on the record and in its opinion imply that its decision was based, at least in part, on the rule of statutory construction that disfavors a literal interpretation of statutory language when that interpretation would lead to an absurd result. See *Jennings v Southwood*, 446 Mich 125, 133; 521 NW2d 230 (1994); *Houghton Lake Area Tourism & Convention Bureau v Wood*, 255 Mich App 127, 142-143; 662 NW2d 758 (2003). We concede that the result in this case is absurd. However, the absurd result rule applies only when statutes are ambiguous, *Houghton Lake, supra* at 143, and in this case, while MCL 333.7451 and MCL 333.7457(d) are not consistent, the language used by the Legislature in both statutes is clear and unambiguous. Moreover, the Legislature, not this Court, created and enacted this absurdity, and we decline to invade the province of the Legislature and engage in "judicial lawmaking" when the Legislature has spoken on this issue. In our view, the language used by the Legislature in both MCL 333.7451 and MCL 333.7457(d) is plain and unambiguous even though the statutes, when read together, are completely incongruent. "[T]he lawmaking power is reposed in the people as reflected in the work of the Legislature, and, absent a constitutional

violation, the courts have no legitimacy in overruling or nullifying the people's representatives." *Robinson v Detroit*, 462 Mich 439, 467; 613 NW2d 307 (2000). Rather than usurp the authority of the Legislature to make laws, we leave it to the Legislature to reconsider the language used in MCL 333.7451 and MCL 333.7457(d) and make appropriate amendments to those statutes to eliminate this loophole and give MCL 333.7451 the teeth it needs to enable it to appropriately limit the sale of drug paraphernalia in the state of Michigan.

In sum, we reverse the trial court's holding that the pipes, bongs, and dugouts were not exempt from the definition of "drug paraphernalia" under MCL 333.7457(d). In all other respects, we affirm the declaratory judgment issued by the trial court.

Affirmed in part and reversed in part.