YOUNKIN v ZIMMER

Docket No. 313813. Submitted March 11, 2014, at Detroit. Decided
    April 15, 2014, at 9:00 a.m. Leave to appeal sought.
    Lawrence Younkin brought an action in the Genesee Circuit Court
        against Michael Zimmer, Executive Director of the Michigan
        Administrative Hearing System (MAHS), and Steven Hilfinger,
        Director of the Michigan Department of Licensing and Regulatory
        Affairs (LARA), seeking a writ of mandamus ordering defendants
        to cause their agencies to hold hearings on workers' compensation
        claims arising out of injuries occurring in Genesee County within
        that same locality. Plaintiff injured his back while working in Flint
        and sought workers' compensation benefits. In September 2012,
        Zimmer announced new efforts to reorganize the MAHS, including
        closing the Flint office that had previously handled workers'
        compensation claims in that area and the transfer of those claims
        to an office in Dimondale. The court, Geoffrey L. Neithercut, J.,
        granted the writ, ordering defendants to comply with MCL
        418.851 and to ensure that hearings in cases arising out of injuries
        occurring in Genesee County be held in the locality of the injury.
        Defendants appealed.

        The Court of Appeals held:

        In order to warrant mandamus, the plaintiff must establish
    that he or she has a clear legal right to performance of the specific
    duty sought to be compelled and that the defendant has a clear
    legal duty to perform the act. Under MCL 418.851, a hearing
    concerning a disputed claim for workers' compensation benefits
    must be held at the locality where the injury occurred. The term
    "locality" generally refers to the surroundings of a particular place
    or district where a person or thing happens to be situated. As used
    in MCL 418.851, the term "locality" refers to a specific geographic
    region: the municipality or region where the employee suffered the
    injury giving rise to the workers' compensation claim. Younkin
    sustained his injury in Flint. Consequently, any hearings held to
    resolve the dispute concerning his claim had to be resolved in the
    locality that includes Flint. Dimondale was not sufficiently close to
    qualify as the locality where the injury occurred. The Legislature
    made a policy choice in favor of local hearings for the benefit of the

parties and their witnesses. Although the failure to hold workers' compensation hearings in the locality where the injury occurred will not void the result, that fact does not give magistrates unfettered discretion to ignore the legislative directive to hold hearings in the locality where the injury occurred. When MCL 418.851 is read in conjunction with MCL 418.841 and MCL 418.847, it is clear that the locality requirement applies to all hearings to resolve disputes concerning a claim for workers' compensation benefits. The trial court properly limited its ruling to the clear statutory mandate and did not interfere with defendants' discretion to centralize the administration of hearings or determine the manner by which the magistrates might comply with MCL 418.851. To the extent that magistrates who conduct workers' compensation hearings are violating the statutory provisions governing those hearings, defendants had a clear legal duty to rectify the violations because, as the chief executives in charge of the MAHS and LARA, they had ultimate responsibility for ensuring the proper conduct of administrative hearings held under the Worker's Disability Compensation Act, MCL 418.101 *et seq.*

Affirmed.

CAVANAGH, J., dissenting, would have held that the trial court's interpretation of MCL 418.851 was erroneous and, therefore, that the trial court's issuance of a writ of mandamus constituted an abuse of discretion. Defendants interpreted the word "locality" to include "district" and "definite region." That interpretation was entitled to respectful consideration. The establishment of reasonably located hearing districts throughout the state comported with the fair and natural import of the word "locality" in light of the subject matter of the statute and was consistent with the entire statutory scheme. Under MCL 418.851, the Dimondale district office, which was located approximately 70 miles from the Genesee County line, was a proper venue for hearings on workers' compensation claims arising in Genesee County. Because plaintiff failed to establish that he had a clear legal right to have his claim heard at the Flint district office or in Genesee County, he was not entitled to a writ of mandamus.

WORKERS' COMPENSATION — HEARINGS — VENUE — LOCALITY WHERE THE INJURY OCCURRED.

Under MCL 418.851, a hearing concerning a disputed claim for workers' compensation benefits must be held at the locality where the injury occurred; as used in MCL 418.851, the term "locality"

refers to a specific geographic region: the municipality or region where the employee suffered the injury giving rise to the workers' compensation claim.

*MacDonald & MacDonald, PLLC* (by *Robert J. MacDonald*), for Lawrence Younkin.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Matthew Schneider*, Chief Legal Counsel, and *Thomas D. Warren*, Assistant Attorney General, for Michael Zimmer and Steven Hilfinger.

Before: M. J. KELLY, P.J., and CAVANAGH and FORT HOOD, JJ.

M. J. KELLY, P.J. In this suit for mandamus, defendants, the Executive Director of the Michigan Administrative Hearing System (the Hearing System), Michael Zimmer, and the Director of the Michigan Department of Licensing and Regulatory Affairs (LARA), Steven Hilfinger, appeal by right the trial court's writ of mandamus compelling them to cause their agencies to hold hearings on workers' compensation claims arising out of injuries occurring in Genesee County within that same locality. The primary issue on appeal is whether the trial court properly interpreted MCL 418.851 to preclude Zimmer and Hilfinger from transferring all hearings on workers' compensation claims arising in Genesee County to Dimondale, Michigan. We conclude that the trial court did not err when it determined that the Legislature limited the geographic area within which a hearing on workers' compensation claims may be held and that the transfer of the hearings to Dimondale exceeded that limitation. Because Zimmer and Hilfinger lacked the authority to order the hearings be held in a locality other than the locality where the injury occurred, the trial court did not abuse

its discretion when it issued a writ of mandamus compelling Zimmer and Hilfinger to order their agencies to comply with the geographic limitations stated in MCL 418.851. For these reasons, we affirm.

### I. BASIC FACTS

Plaintiff Lawrence Younkin worked for General Motors at its assembly plant in Flint. At some point, Younkin injured his back while working and was determined to be totally and permanently disabled. Younkin then filed a claim for workers' compensation benefits with the workers' compensation office in Flint.

In September 2012, Zimmer circulated a notice outlining new efforts to streamline and reorganize the Hearing System, which included the offices that handle workers' compensation claims. Zimmer stated that he was closing the Flint office that handles workers' compensation claims and transferring those claims to the office located in Dimondale. It was his goal, he wrote, "to have the transfer complete with hearings beginning in the new locations in December 2012." Thus, after the transfer, both the administrative handling of claims arising in Flint and the hearings on those claims would be conducted at the office in Dimondale.

In October 2012, Younkin sued Zimmer and Hilfinger over the decision to close the Flint office and transfer the proceedings to Dimondale. Younkin alleged that his injuries made it difficult for him to attend hearings in Dimondale. Then, citing MCL 418.851, he alleged that the Legislature had for more than 100 years required all hearings on workers' compensation claims be held in the locality where the injury occurred. Because Dimondale was not the locality where his injury occurred, he contended that Zimmer and Hilfinger had no authority to order his hearing held in Dimondale. Younkin also

alleged that there were numerous other similarly situated individuals who would be harmed in the same way by the unlawful decision to order all hearings on workers' compensation claims arising in Genesee County to be held in Dimondale. For these reasons, Younkin asked the trial court to issue a writ of mandamus ordering Zimmer and Hilfinger to "comply with MCL 418.851 and perform their ministerial duties to ensure that hearings in cases arising out of injuries occurring in Genesee County shall be held in the locality of injury as statutorily required."

On October 22, 2012, the trial court entered an order compelling Zimmer and Hilfinger to appear and show cause why the court should not issue a writ of mandamus.

In answer to Younkin's complaint, Zimmer and Hilfinger argued that MCL 418.851 cannot be read literally. Rather, relying on the decision in *Crane v Leonard, Crossette & Riley*, 214 Mich 218; 183 NW 204 (1921), they maintained that the trial court should interpret the statute to merely require that the hearing be held in a place that is convenient for the parties and their witnesses. They also argued that they were under no legal duty to refrain from closing unnecessary facilities and reassigning magistrates. Because they had the discretion to make these changes, they concluded that their decision was outside the scope of a writ of mandamus. Finally, they argued that Younkin's core complaint is that it is not convenient for him to attend a hearing in Dimondale, which implicates equity rather than law and, therefore, cannot be the subject of a writ of mandamus.

The trial court held a hearing on Younkin's request for a writ of mandamus in November 2012. After hearing the parties' arguments, the trial court exam-

ined MCL 418.851 and noted that it provided "that hearings shall be held 'at the locality where the injury occurred.' " From this, it determined that the statute imposed a clear legal duty to hold all hearings on workers' compensation claims in the locality where the injury occurred: "shall means shall, and does not provide discretion." It then concluded that the term "locality" did not include a place that was "four counties away" from the place of injury. Indeed, it found that Dimondale would not constitute a locality for any claim arising in Genesee County. Accordingly, the trial court granted Younkin's request for a writ of mandamus, but initially indicated that it would limit the writ to Younkin's own hearing. The trial court, however, recognized that Younkin had requested a writ that applied to all claims arising in Genesee County and invited the parties to brief whether it had the authority to issue such a writ on the basis of Younkin's complaint.

Zimmer and Hilfinger submitted a brief on the scope of the trial court's order of mandamus later that same month. In their brief, they argued that the trial court's order should be limited. They maintained that the trial court could not use the order to compel them to hold every ancillary proceeding in the locality, could not compel them to keep the Flint office open, and, because Younkin did not plead his complaint as a class action, the trial court could not extend the order to all hearings concerning claims arising in Genesee County.

In an opinion addressing the scope of its order, the trial court agreed that it would not "direct or participate in [Zimmer's and Hilfinger's] discretionary judgment concerning how [they] will comply with the requirements of MCL 418.851" because that was a matter "within their discretion." It therefore indicated that its order would not affect "decisions about the allocation of

resources to provide services such as scheduling of hearings, assignment of staff, file organization and storage and location of offices." However, it concluded that it had the discretion to issue a writ that applied to all claims arising in Genesee County, which would be subject to the transfer to Dimondale. The court explained that Zimmer and Hilfinger's request to have the order apply only to Younkin amounted to a request for the "court's permission to ignore the statute and break the law" as to the other claimants. Because it was not in the habit of "directing parties to ignore the laws of this state," the trial court concluded that it would order Zimmer and Hilfinger to "rescind the directive that cases arising out of Genesee County be transferred to a hearing site in Dimondale."

The trial court entered its writ of mandamus on November 20, 2012. The trial court ordered Zimmer and Hilfinger, in their official capacities, to "comply with MCL 418.851 and to perform their ministerial duties to ensure that hearings in cases arising out of injuries occurring in Genesee County shall be held in the locality of injury, regardless of the type of hearing." The court also ordered them to "rescind their directive that workers' compensation cases arising out of injuries occurring in Genesee County be transferred to a hearing site in Dimondale, Michigan."

Zimmer and Hilfinger now appeal in this Court.

## II. WRIT OF MANDAMUS

### A. STANDARDS OF REVIEW

Zimmer and Hilfinger argue on appeal that the trial court erred when it determined that Younkin established the right to relief in the form of a writ of mandamus and also erred by granting relief beyond

ordering Younkin's hearing to be held in the locality. This Court reviews a trial court's decision to enter a writ of mandamus for an abuse of discretion. *Casco Twp v Secretary of State*, 472 Mich 566, 571; 701 NW2d 102 (2005). This Court reviews de novo whether the "trial court correctly selected, interpreted, and applied the relevant statutes." *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013).

### B. MANDAMUS

Mandamus is an extraordinary remedy that courts will use to enforce duties created by law "where the law has established no specific remedy and where, in justice and good government, there should be one." *State Bd of Educ v Houghton Lake Community Sch*, 430 Mich 658, 666-667; 425 NW2d 80 (1988). The decision to grant mandamus is one of grace and is governed by equitable principles. *Franchise Realty Interstate Corp v Detroit*, 368 Mich 276, 279; 118 NW2d 258 (1962). In order to warrant mandamus, the plaintiff must establish that he or she has a " 'clear legal right to performance of the specific duty sought to be compelled' and that the defendant has a 'clear legal duty to perform such act. . . .' " *In re MCI Telecom Complaint*, 460 Mich 396, 442-443; 596 NW2d 164 (1999), quoting *Toan v McGinn*, 271 Mich 28, 34; 260 NW 108 (1935).

Here, the trial court determined that Younkin had established grounds for mandamus. It concluded that he had a clear statutory right to have a hearing on his claim for workers' compensation benefits, which hearing must be held in the locality where the injury occurred. It similarly determined that Zimmer and Hilfinger had a concomitant clear legal duty to ensure that the magistrates acting under their authority held

the workers' compensation hearings in the locality where the injuries occurred.

Zimmer is the Executive Director for the Hearing System and Hilfinger is the Director of LARA. The Hearing System is an independent and autonomous agency within LARA, which coordinates and manages the policies and procedures for conducting administrative hearings. MCL 445.2030(IX)(A)(1) and (5); MCL 418.213. The Hearing System is responsible for regulating the services provided by administrative law judges, magistrates, boards, and commissioners that have been assigned to the Hearing System, which includes the board of magistrates for the workers' compensation system. MCL 445.2030(IX)(A)(6) and (G); MCL 418.213. As such, Zimmer and Hilfinger, as the chief executives in charge of the Hearing System and LARA, have the ultimate responsibility for ensuring the proper conduct of any administrative hearings held under the authority of the Worker's Disability Compensation Act, MCL 418.101 *et seq.* See MCL 418.213(8) and (10). Accordingly, to the extent that magistrates who conduct workers' compensation hearings are violating the statutory provisions governing those hearings, Zimmer and Hilfinger would have a clear legal duty to rectify the violations.

### C. WORKERS' COMPENSATION HEARINGS

The Legislature established the workers' compensation scheme to remedy perceived problems with the common-law tort system for compensating injured workers. See *McAvoy v H B Sherman Co*, 401 Mich 419, 448; 258 NW2d 414 (1977). In exchange for providing prompt—albeit limited—compensation to employees without the need to prove fault, employers are generally granted immunity from tort liability for injuries that

their employees sustain during the course of employment. *Id.*; *Lahti v Fosterling*, 357 Mich 578, 585; 99 NW2d 490 (1959). See also MCL 418.131(1).

Chapter 8 of the Worker's Disability Compensation Act governs the procedures for resolving workers' compensation claims. See MCL 418.801 *et seq*. Generally, a workers' compensation claim must be paid promptly to the injured employee after notice of a qualifying injury with weekly payments due thereafter. See MCL 418.801(1). However, in the event that there is a dispute concerning whether or to what extent an employee is entitled to workers' compensation benefits, the parties are generally entitled to have the dispute resolved after a hearing by a magistrate. See MCL 418.841; MCL 418.847.

In every hearing to resolve a dispute over workers' compensation benefits, the claimant—the employee or his or her beneficiary—has the burden to prove by a preponderance of the evidence that he or she is entitled to compensation under the act. MCL 418.851. The Legislature further provided that the magistrate has the authority to "make such inquiries and investigations" at the hearing "as he or she considers necessary." *Id*. Finally, the Legislature instructed the magistrate to hold the hearings within a defined geographic area: "The hearing shall be held at the locality where the injury occurred . . . ." *Id*. The dispute in this case turns on the proper interpretation of this geographic limitation.

None of the words or phrases used in this statute has acquired a peculiar meaning at law. Therefore, we must give the words and phrases their ordinary meaning. See *Wolfe-Haddad Estate v Oakland Co*, 272 Mich App 323, 325; 725 NW2d 80 (2006), citing MCL 8.3a. There can be no reasonable dispute that the Legislature's use of

the word "shall" in the phrase "shall be held" plainly and unequivocally requires the magistrate to hold the hearing to resolve the dispute "at the locality where the injury occurred." See *Manuel v Gill*, 481 Mich 637, 647; 753 NW2d 48 (2008) (stating that the word "shall" generally denotes "mandatory" conduct). The clause describing the locality ("where the injury occurred") is similarly unambiguous and limits the place where the hearing may be held to those places that are within the locality where the claimant suffered the qualifying injury. The term "locality" is also susceptible to ordinary understanding and limits the specific geographic area within which the hearings may be held. The term "locality" generally refers to the surroundings of a particular place or district where a person or thing happens to be situated. See *The Oxford English Dictionary* (2d ed, 1991), p 1080 (defining "locality" as "being local, in the sense of belonging to a particular spot"; the "features or surroundings of a particular place"; and "[a] place or district, of undefined extent, considered as the site occupied by certain persons or things"). In ordinary English, a locality is often understood to be a city, town, or similarly sized district or region within a state, as distinct from the state as a whole. *The Oxford English Dictionary* (2d ed, 1991), p 1078 (defining "local" to mean "[b]elonging to a town or some comparatively small district, as distinct from the state or country as a whole"). See also *Tribbett v Village of Marcellus*, 294 Mich 607, 618-619; 293 NW 872 (1940) (discussing the constitutional limitation on local laws and citing authority explaining that a local law generally affects only one locality, which means a municipality, city, or village). Moreover, it bears emphasizing that the Legislature did not refer to a hearing district or region when it imposed this geographic limitation. Rather, it commanded that the hearing be held in a specific locality:

the one "where the injury occurred." This limitation on the term "locality" is most naturally understood to refer to an existing community—the community within which the employee was working at the time of his or her injury. A plain reading of this geographic limitation simply does not support the notion that the Legislature intended the phrase "locality where the injury occurred" to mean any district or region delineated by the executive for the purpose of administrative convenience.

As used in MCL 418.851, the term "locality" refers to a specific geographic region: the municipality or region where the employee suffered the injury giving rise to the workers' compensation claim. Because the Hearing System and LARA's preferred reading is contrary to the plain language of the statute, that construction is entitled to no deference. *Dep't of Labor & Economic Growth, Unemployment Ins Agency v Dykstra*, 283 Mich App 212, 224-225, 229-230; 771 NW2d 423 (2009) (stating that the judiciary is the final authority on issues of statutory construction and providing that this Court will not defer to an agency construction that is contrary to the Legislature's plainly expressed intent). The statute is clear and unambiguous. For that reason, this Court must enforce it as written. *In re Bradley Estate*, 494 Mich 367, 377; 835 NW2d 545 (2013). And we will do so without regard to whether we believe the Legislature's policy choice is unjust, inconvenient, or unnecessary. *Johnson v Recca*, 492 Mich 169, 187; 821 NW2d 520 (2012).

It is undisputed that Younkin sustained the injury giving rise to his workers' compensation claim in Flint. Consequently, under MCL 418.851, the magistrate assigned to resolve any disputes concerning Younkin's claim for workers' compensation benefits must hold the

hearings to resolve the disputes in the locality that includes Flint. While reasonable people might disagree as to whether the relevant locality is Flint itself, greater Flint (i.e., Flint and its surrounding communities), or even Genesee County, we agree with the trial court that Dimondale is not sufficiently close to qualify as the "locality where the injury occurred." MCL 418.851. Indeed, as the trial court correctly stated, Dimondale would not qualify as the appropriate "locality" for any injury that occurred in Genesee County.

Notwithstanding the fact that the Legislature unambiguously provided that hearings concerning disputes over workers' compensation claims must be held in the locality where the injury occurred, Zimmer and Hilfinger argue that this Court should not read this statute "literally." Instead, relying on our Supreme Court's decision in *Crane*, they maintain that this Court should construe the statute merely to require that the hearing be held at the site designated by the Hearing System for claims arising in a particular district. That is, they contend that we should read the term "locality" to mean whatever region they happen to designate for purposes of establishing hearing districts, subject only to the limitation that the districts be reasonably convenient for the parties and witnesses involved in the dispute. We do not agree that our Supreme Court's decision in *Crane* eviscerated the Legislature's command that hearings on workers' compensation claims be held in the "locality where the injury occurred" by equating "locality" with any location selected by the Hearing System so long as the site is reasonably convenient for the parties and witnesses.

In *Crane*, the wife of George M. Crane sought and obtained workers' compensation benefits from Crane's employer after Crane died in an accident. *Crane*, 214

Mich at 219-220. Crane worked for his employer in Greenville, Michigan, but accompanied a shipment of produce sent to Chicago. *Id.* at 219. Although it was unclear when he suffered the accident that killed him, Crane apparently died after he left the state. *Id.* at 219-220. On appeal, the employer argued that Michigan's workers' compensation scheme did not apply to accidents occurring out of state. Our Supreme Court, therefore, had to determine—and it emphasized that this was "the only question in this case"—whether the Worker's Disability Compensation Act applied under those circumstances. *Id.* at 220.

The Supreme Court first surveyed the authorities concerning similar compensation schemes and the grounds for concluding that a state's scheme will apply even when the injury giving rise to the claim occurred outside the state. *Id.* at 220-228. From these authorities, the Court concluded that the better understanding is that the provisions of Michigan's workers' compensation scheme apply to accidents occurring out of state as long as the contract for employment arose within this state. *Id.* at 228. Having determined that Michigan's workers' compensation scheme could apply to the employment contract at issue, the Court next considered the argument that the Legislature included provisions within the act, which demonstrated "a legislative intent that it shall not apply to accidents occurring outside the State." *Id.* at 229. One such provision, the employer argued, was the Legislature's requirement that the magistrate hold the hearing to resolve any dispute arising from the claim " 'at the locality where the injury occurred . . . .' " *Id.* at 230, quoting 1915 CL 5461.

In rejecting the employer's contention that this provision suggested that the Legislature intended the Worker's Disability Compensation Act to apply only to

claims involving injuries occurring in this state, our Supreme Court stated that the "provision for the hearings . . . need not be literally followed, the hearing need not be held at the very spot the accident occurred." *Crane*, 214 Mich at 230. The requirement, the Court explained, was "designed that it should be held at a convenient place for parties and their witnesses and does not make void a result reached at some other place in the absence of rights being prejudicially affected." *Id.* Thus, the Court concluded, compensation should not be refused "where it is impracticable to hold the hearing on the very place of the accident." *Id.*

As the Court in *Crane* clarified, the Legislature enacted the geographic limitation for the convenience of the parties and their witnesses, not to express its intent that the act apply only to accidents occurring within this state. *Id.* But this acknowledgment was itself a recognition that the Legislature had made a policy choice in favor of local hearings and that it did so for the benefit of the parties and their witnesses—not for the benefit of magistrates or a more streamlined and efficient administrative system. Moreover, although the Court did state that the geographic limitation should not be read "literally," it did so in the context of determining whether the magistrate's inability to hold the hearing on "the very place" of the accident rendered the result "void." *Id.* And, examining that narrow issue, it opined that, when it is "impracticable" to hold the hearing on "the very place" of the accident, the failure to hold the hearing there will not warrant refusing the claim in the absence of prejudice. *Id.* Consequently, reading the Court's discussion in context, it is evident that our Supreme Court did not hold that the magistrate may ignore the Legislature's command that the hearing be held in the locality where the injury occurred. Rather, it explained that, even when the mag-

istrate cannot follow the Legislature's command because it is impracticable to do so, the failure to hold the hearing at the required location will not be sufficient by itself to refuse the claim—that is, the failure to hold the hearing at the proper place will not "void" the result.[1] *Id.*

We also do not agree with Zimmer and Hilfinger's contention that the trial court erred by giving MCL 418.851 an overly broad interpretation. The statute refers to "the hearing of the claim", but the use of the definite article does not mean that the statute applies only to a single type of hearing. Likewise, the reference to "the claim" does not limit application to only those hearings considering the validity of the initial claim. When MCL 418.851 is read in conjunction with MCL 418.841 and MCL 418.847, there is no doubt that the locality requirement applies to all hearings to resolve disputes concerning a claimant's claim for workers' compensation benefits. While MCL 418.851 does not apply to mere administrative recordkeeping and the processing of a claim, once a party disputes whether and to what extent a claimant is entitled to benefits, the parties have the right to have the dispute resolved by a magistrate at a hearing, which must be held in the "locality where the injury occurred."[2] MCL 418.851. Moreover, while nothing precludes a magistrate from taking evidence, considering arguments, and hearing testimony over multiple hearing dates, MCL 418.851 would apply to each appearance by the magistrate that serves as part of the hearing to resolve the dispute.

---

[1] For that reason, a magistrate's past failure to comply with MCL 418.851 would not warrant relief in the absence of prejudice.

[2] We express no opinion as to whether the parties may waive the statutory right to a hearing in the locality where the injury occurred.

Also, contrary to Zimmer and Hilfinger's contention on appeal, the trial court's order does not require "all events and activity associated with a claimant's file" be held in the locality. Consistently with our construction of MCL 418.851, the trial court's order requires magistrates to hold any and all *hearings* to resolve disputes over workers' compensation claims in the proper locality. The trial court properly limited its writ of mandamus to the clear statutory mandate and did not interfere with Zimmer and Hilfinger's discretion to centralize the administration of hearings or determine the manner by which the magistrates might comply with MCL 418.851. See *Teasel v Dep't of Mental Health*, 419 Mich 390, 409-412; 355 NW2d 75 (1984) (stating that mandamus will not lie "for the purpose of reviewing, revising, or controlling the exercise of discretion reposed in administrative bodies", but clarifying that the writ will lie to compel compliance with a clear legal duty to act, even though it may involve some measure of discretion). Indeed, there is nothing in the trial court's order to prevent Zimmer and Hilfinger from moving all aspects of the administration of claims for workers' compensation benefits to Marquette, Michigan, as long as the magistrates who resolve disputes over those claims travel to the locality where the injury occurred when holding hearings involving those claims.[3] Because the trial court's order does not interfere with Zimmer and Hilfinger's exercise of discretion, beyond those limits that the Legislature imposed, the trial court's decision to grant mandamus did not amount to an improper interference with executive discretion. See *Id.*

---

[3] By way of example, a magistrate operating out of an office in Dimondale could comply with the statutory mandate by traveling to Flint to hear disputes on scheduled dates.

### III. CONCLUSION

With MCL 418.851, the Legislature made a clear policy choice in favor of local hearings; it required magistrates to resolve disputes over workers' compensation claims by holding a hearing "at the locality where the injury occurred." MCL 418.851. Although the failure to hold such hearings at the locality will not "void" the result, see *Crane*, 214 Mich at 230, that fact does not give magistrates the unfettered discretion to ignore the Legislature's directive that the hearings be held in the locality where the injury occurred. Claimants whose injuries occurred within Genesee County have a clear legal right to have disputes over their claims resolved at hearings held within that locality. Similarly, Zimmer and Hilfinger had and have a clear legal duty to ensure that the magistrates who fall under their authority comply with MCL 418.851 and hold the hearings to resolve those disputes in the locality where the injury occurred. Because the trial court properly construed MCL 418.851 as granting claimants a clear legal right to hearings in the locality where the injury occurred and as imposing a clear legal duty on Zimmer and Hilfinger to ensure that the hearings occur in such localities, it did not abuse its discretion when it chose to grant Younkin's request for a writ of mandamus compelling Zimmer and Hilfinger to ensure that the magistrates complied with MCL 418.851. See *In re MCI Telecom Complaint*, 460 Mich at 442-443.

Zimmer and Hilfinger's efforts to streamline the hearing process and conserve the state's resources are without a doubt laudable. And some might readily conclude that the locality requirement stated in MCL 418.851 is unwise, inefficient, and out of date given modern advancements in technology. But those contentions are insufficient to permit this Court to rewrite the

statute under the guise of judicial interpretation. Such arguments are best directed to the branch of our government that the people empowered to make the desired change: the Legislature. See *Karaczewski v Farbman Stein & Co*, 478 Mich 28, 42-43; 732 NW2d 56 (2007), overruled in part on other grounds by *Bezeau v Palace Sports & Entertainment, Inc*, 487 Mich 455 (2010).

There were no errors warranting relief.

Affirmed. Because this appeal involved an important question on a public matter, none of the parties may tax their costs. MCR 7.219(A).

FORT HOOD, J., concurred with M. J. KELLY, P.J.

CAVANAGH, J. (*dissenting*). I respectfully dissent. I would hold that the trial court's interpretation of MCL 418.851 was erroneous and, therefore, the trial court's issuance of the writ of mandamus constituted an abuse of discretion.

The statute regarding appropriate venue for workers' compensation claims is MCL 418.851, which provides, in relevant part, that the "hearing shall be held at the locality where the injury occurred . . . ." The dispositive issue here is the meaning of the word "locality." Because the Worker's Disability Compensation Act (WDCA) does not define the word "locality," a dictionary may be consulted to determine the ordinary meaning of the word. See *Cairns v East Lansing*, 275 Mich App 102, 107; 738 NW2d 246 (2007). *Webster's New World Dictionary* (2d college ed, 1974) defines the word "locality" as "a place; district; neighborhood[.]" Similarly, *Random House Webster's Unabridged Dictionary* (1998) defines "locality" as "a place, spot, or district, with or without reference to things or persons in it or to

occurrences there" and "the state or fact of being local or having a location[.]" The word "local" means "pertaining to or characterized by place or position in space; spatial" and "pertaining to a city, town, or small district rather than an entire state or country[.]" *Id*. Because the word "locality" is used in the context of the venue provision of the WDCA, I also note that *Black's Law Dictionary* (7th ed) defines "locality" as "[a] definite region; vicinity; neighborhood; community."

Plaintiff argued, and the majority appears to agree, that the correct definition of "locality" in the context of workers' compensation claims is community, vicinity, or neighborhood. I do not agree. "Statutory language should be construed reasonably, keeping in mind the purpose of the act." *Morris & Doherty, PC v Lockwood*, 259 Mich App 38, 43; 672 NW2d 884 (2003). Clearly, it would not be reasonable or feasible for a hearing to be held in every neighborhood or community in which an employee is injured. And in designating the appropriate venue for hearings in workers' compensation cases, the Legislature did not specifically state that the hearing must be held in the "city" or "county" where the injury occurred. If that was the Legislature's intention, it could have used those terms. See, e.g., MCL 600.1621 and 600.1629. "A court must not judicially legislate by adding into a statute provisions that the Legislature did not include." *In re Wayne Co Prosecutor*, 232 Mich App 482, 486; 591 NW2d 359 (1998).

In this case, defendants clearly interpreted the meaning of the word "locality" to include "district" and "definite region." Consequently, defendants divided the state into several reasonably located hearing districts, and workers' compensation claims are assigned from definite regions of the state to particular hearing-district offices. While the majority concedes that a

locality is commonly understood to mean a region, the majority concludes that the region must be the municipality where the injury occurred. But an agency's interpretation of a statute, although not binding on the courts, is entitled to "respectful consideration" and, if persuasive, should not be overruled without "cogent reasons." *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103, 108; 754 NW2d 259 (2008) (citation and quotation marks omitted). I would conclude that defendants' interpretation of MCL 418.851, and their establishment of reasonably located hearing district offices throughout the state that service definite regions of the state, comports with the fair and natural import of the word "locality" in view of the subject matter of the statute—workers' compensation claims. See *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998). Defendants' interpretation does not conflict with the Legislature's intent as expressed in the language of MCL 418.851. See *In re Complaint of Rovas Against SBC Mich*, 482 Mich at 103.

I am also cognizant of the fact that a "strong rationale" for the WDCA is to provide injured employees with "expeditious" relief. See *Maiuri v Sinacola Constr Co*, 12 Mich App 22, 27; 162 NW2d 344 (1968). Considering the realities of budgetary constraints and the limited number of magistrates, as well as the summary nature of workers' compensation proceedings, requiring hearing locations in every community, neighborhood, or municipality would not only be extremely costly and unnecessary, but would defeat a significant purpose of the WDCA, which is to provide expeditious relief to claimants. I agree with plaintiff's argument that defendants cannot disregard their statutory duty because of a reduction in state funding. However, I would conclude that defendants fulfilled their duty under MCL 418.851 by establishing reasonably located

hearing district offices throughout the state that service definite regions of the state.

Further, when interpreting a statute, the purpose of the statute should be harmonized with the entire statutory scheme. *Petersen v Magna Corp*, 484 Mich 300, 340; 773 NW2d 564 (2009) (opinion by HATHWAY, J.). In that regard I note that Executive Order No. 2011-4, compiled at MCL 445.2030, states that the Michigan Administrative Hearing System (MAHS) is to provide efficient, fair, and responsive services. Specifically, the executive order provides that it was designed to (1) "reorganize functions among state departments to ensure efficient administration," (2) ensure the most efficient use of taxpayer dollars by providing more "streamlined" services, (3) centralize "administrative hearing functions" so as to "eliminate unnecessary duplication and streamline the delivery of necessary services," and (4) "achieve greater efficiency by abolishing harmful, redundant, or obsolete government agencies[.]" "Once an executive order survives potential legislative disapproval, and achieves the force of law, there is no basis on which to distinguish between it and a statute; each has passed the scrutiny of the Legislature and deserves to be enforced as such." *Soap & Detergent Ass'n v Natural Resources Comm*, 103 Mich App 717, 729; 304 NW2d 267 (1981). As discussed earlier in this opinion, I conclude that interpreting the word "locality" to recognize the use of several hearing districts reasonably located throughout the state to process and adjudicate workers' compensation claims that are assigned from definite regions of the state is consistent with the entire statutory scheme.

In this case, defendants sought to close the Flint district office and transfer all workers' compensation claims arising in Genesee County, including plaintiff's

claim, from the Flint district office to the Dimondale district office, which is located within 70 miles of Genesee County. I would hold that defendants' actions were permissible under MCL 418.851. Although plaintiff argues that defendants' interpretation of the venue statute would allow them to transfer workers' compensation claims to remote places or even to a single location in the name of efficiency, that scenario simply is not present in this case. At issue here is whether the Dimondale district office is a proper venue for workers' compensation claims that arose in Genesee County and I would conclude that it is an appropriate venue under MCL 418.851.

In summary, I would hold that plaintiff failed to establish that he had a clear legal right to have his workers' compensation claim adjudicated at the Flint district office or in Genesee County; therefore, plaintiff was not entitled to a writ of mandamus. Accordingly, I would reverse the trial court's order granting plaintiff's request for a writ of mandamus.