# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Corbin R. Davis

## YOUNKIN V ZIMMER

Docket No. 149355. Decided November 18, 2014.

Lawrence Younkin brought an action in the Genesee Circuit Court against Michael Zimmer, who was at that time the Executive Director of the Michigan Administrative Hearing System, and Steven Hilfinger, who was at that time the Director of the Department of Licensing and Regulatory Affairs. Plaintiff had injured his back while working in Flint and sought workers' compensation benefits. In September 2012, Zimmer had announced new efforts to reorganize the Michigan Administrative Hearing System, including closing the Flint office that previously handled workers' compensation claims in that area and transferring those claims to an office in Dimondale, approximately 70 miles away in Eaton County. In his action, plaintiff sought a writ of mandamus compelling defendants to maintain the Genesee County hearing site. The court, Geoffrey L. Neithercut, J., issued the writ, and defendants appealed. The Court of Appeals, M. J. KELLY, P.J., and FORT HOOD, J. (CAVANAGH, J., dissenting), affirmed, holding that the trial court had not abused its discretion. 304 Mich App 719 (2014). Defendants sought leave to appeal.

In a unanimous memorandum opinion, the Supreme Court, in lieu of granting leave to appeal and without oral argument, *held*:

The trial court abused its discretion by issuing a writ of mandamus compelling defendants to hold the hearing in Genesee County. To obtain a writ of mandamus, the plaintiff must show that he or she has a clear legal right to the performance of the specific duty sought to be compelled and that the defendant has a clear legal duty to perform it. MCL 418.851 provides that a workers' compensation hearing must be held at the locality where the injury occurred. Defendants, in their official capacities as administrators of the workers' compensation hearing system, interpreted the term "locality" as meaning a district or a definite region. This interpretation was entitled to respectful consideration. Because it did not conflict with the Legislature's intent, there were no cogent reasons to overrule it. In accordance with their interpretation of the term, defendants divided the state into 11 reasonably located hearing districts, and workers' compensation claims were assigned from definite regions of the state to one of those hearing district offices depending on where the injury occurred. Nothing in the Worker's Disability Compensation Act, MCL 418.101 *et seq*., requires that there be a hearing site in every county. While the hearing should be held at a place convenient for parties and their witnesses, it was not unreasonable to conclude that the locality where the injury occurred in this case was Dimondale given the injury occurred in Genesee County and that county falls within

the Dimondale district. Although having the hearing in the latter rather than in the former venue would doubtlessly be less convenient for plaintiff, this would not constitute an unreasonable inconvenience. Accordingly, plaintiff did not have a clear legal right to a hearing in Genesee county, and defendants did not have a clear legal obligation to hold the hearing there.

Reversed and remanded.

©2014 State of Michigan

# Opinion

Chief Justice:          Justices:

Robert P. Young, Jr.    Michael F. Cavanagh
                        Stephen J. Markman
                        Mary Beth Kelly
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano

FILED NOVEMBER 18, 2014

STATE OF MICHIGAN

SUPREME COURT

LAWRENCE YOUNKIN,

      Plaintiff-Appellee,

v                                   No. 149355

MICHAEL ZIMMER and STEVEN
HILFINGER,

      Defendants-Appellants.

_____

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

The issue here is whether the trial court abused its discretion by issuing a writ of mandamus compelling defendants to ensure that hearings in workers' compensation cases are held in the county in which the alleged injury occurred. The Court of Appeals held that the trial court did not abuse its discretion. Because we respectfully disagree, we reverse the judgment of the Court of Appeals and remand to the trial court for the entry of an order denying relief on plaintiff's complaint for mandamus.

Plaintiff, who was injured while working in Genesee County, filed a workers' compensation claim. While his claim was pending, defendants, in their capacity as administrators of the workers' compensation hearing system, advised plaintiff that the Genesee County hearing site where plaintiff's case was assigned would be closed and that all pending cases from the county, including plaintiff's, would be transferred to the State Secondary Complex in Dimondale, which is about 70 miles from Genesee County and located in Eaton County. Plaintiff brought this mandamus action to compel defendants to maintain the Genesee County hearing site. The trial court granted mandamus relief, and in a divided and published opinion, the Court of Appeals affirmed. *Younkin v Zimmer*, 304 Mich App 719; 848 NW2d 488 (2014).

To obtain a writ of mandamus, the plaintiff must show that he or she has a clear legal right to the performance of the specific duty sought to be compelled and that the defendant has a clear legal duty to perform that duty. *In re MCI Telecom Complaint*, 460 Mich 396, 442-443; 596 NW2d 164 (1999). A trial court's decision regarding a writ of mandamus is reviewed for an abuse of discretion. *Id*. at 443. However, underlying questions of statutory interpretation are questions of law that are reviewed by this Court de novo. *Id*.

MCL 418.851 provides that "[t]he [workers' compensation] hearing shall be held at the locality where the injury occurred." As the Court of Appeals recognizes, the term "locality" is defined as "a place or district." *Younkin*, 304 Mich App at 729, quoting *The Oxford English Dictionary* (2d ed, 1999). See also *Younkin*, 304 Mich App at 737-738 (CAVANAGH, J., dissenting), quoting *Webster's New World Dictionary* (2d college ed, 1974) (defining "locality" as "a place; district"), *Random House Webster's Unabridged*

2

*Dictionary* (1998) (defining "locality" as "a place, spot, or district"), *Black's Law Dictionary* (7th ed) (defining "locality" as "[a] definite region"). Defendants, in their official capacities as administrators of the workers' compensation hearing system, interpreted the term "locality" to mean "district" or "a definite region." Their interpretation is "entitled to respectful consideration and, if persuasive, should not be overruled without cogent reasons." *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 108; 754 NW2d 259 (2008).[1] Because defendants' interpretation does not "conflict with the Legislature's intent as expressed in the language of the statute at issue," *id*. at 103, there are no such "cogent reasons" to overrule it.

In accordance with defendants' interpretation of "locality" as meaning "district" or "a definite region," "defendants divided the state into several reasonably located hearing districts and workers' compensation claims are assigned from definite regions of the state to particular hearing district offices" depending on "where the injury occurred." *Younkin*, 304 Mich App at 738 (CAVANAGH, J., dissenting). The 11 hearing districts designated by defendants are found in the cities of Baraga, Escanaba, Sault Ste. Marie, Detroit, Dimondale, Gaylord, Grand Rapids, Kalamazoo, Pontiac, Saginaw, and Traverse City. There are 83 counties in Michigan. To the extent that the Court of Appeals held that

---

[1] Defendant Michael Zimmer, as the Executive Director of the Michigan Administrative Hearing System, and defendant Steven Hilfinger, as the Director of the Michigan Department of Licensing and Regulatory Affairs, accorded meaning to the term "locality." Given that defendants were indisputably acting in their official capacities as heads of governmental agencies when they gave meaning to the term, and given that a governmental "agency's interpretation is entitled to respectful consideration," defendants' interpretation of "locality" is entitled to 'respectful consideration."

because the injury occurred in Genesee County the hearing must also be held in Genesee County, we note that if this were required, there would have to be a hearing site in every county of our state, and there obviously is not. Nothing within the Worker's Disability Compensation Act, MCL 418.101 *et seq.*, requires that there be a hearing site in every county. As the dissenting Court of Appeals judge explained:

> [I]n designating the appropriate venue for hearings in workers' compensation cases, the Legislature did not specifically state that the hearing must be held in the "city" or "county" where the injury occurred. If that was the Legislature's intention, it could have used those terms. See, e.g., MCL 600.1621 and 600.1629. "A court must not judicially legislate by adding into a statute provisions that the Legislature did not include." *In re Wayne Co Prosecutor*, 232 Mich App 482, 486; 591 NW2d 359 (1998). [*Younkin*, 304 Mich App at 738 (CAVANAGH, J., dissenting).]

MCL 418.851 simply requires the hearing to be held "at the locality where the injury occurred." In *Crane v Leonard, Crossette & Riley*, 214 Mich 218, 230; 183 NW 204 (1921), this Court held that although the hearing "should be held at a convenient place for parties and their witnesses," "the hearing need not be held at the very spot the accident occurred." We do not find it unreasonable to conclude that the "locality where the injury occurred" in this case was Dimondale when the injury occurred in Genesee County and that county falls within the Dimondale district. Although having the hearing in the latter rather than in the former venue will doubtlessly be less convenient for plaintiff, we do not believe that this constitutes an unreasonable inconvenience.

For these reasons, plaintiff does not have a clear legal right to a hearing in Genesee County and defendants do not have a clear legal obligation to hold the hearing in Genesee County. Thus, we believe the trial court abused its discretion by issuing a writ of mandamus compelling defendants to hold the hearing in that county. Accordingly, in

4

lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and remand to the trial court for the entry of an order denying relief on plaintiff's complaint for mandamus.

Robert P. Young, Jr.
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
