# STATE OF MICHIGAN

# COURT OF APPEALS

FOUR ZERO ONE ASSOCIATES LLC,

Petitioner-Appellant,

UNPUBLISHED
June 15, 2017

v

DEPARTMENT OF TREASURY,

Respondent-Appellee.

No. 332639
Tax Tribunal
LC No. 15-005330-TT

Before: O'BRIEN, P.J., and HOEKSTRA and BOONSTRA, JJ.

PER CURIAM.

In this appeal from the tax tribunal, for the 2008 tax year, petitioner Four Zero One Associates, LLC ("Four Zero One") seeks to claim the small business alternative credit (SBAC) available under the Michigan Business Tax Act (MBTA), MCL 208.1101 *et seq*. Respondent, the Michigan Department of Treasury ("the department"), denied Four Zero One's claim for the SBAC and the tax tribunal ruled in favor of the department, granting the department's motion for summary disposition under MCR 2.116(C)(10). Four Zero One now appeals as of right. Because Four Zero One exceeded the compensation limit imposed by MCL 208.1417(b)(*i*), Four Zero One could not claim the SBAC for the 2008 tax year and we therefore affirm the tax tribunal's grant of summary disposition to the department.

The MBTA provides for the SBAC as set forth in MCL 208.1417. Notably, under MCL 208.1417(b)(*i*), Four Zero One is disqualified from claiming the SBAC if compensation for a shareholder or officer exceeds $180,000 for the respective tax year. Central to the present case is the amount of compensation received by officer and shareholder, Lawrence F. DuMouchelle, for the 2008 tax year. The department contends that DuMouchelle's compensation in 2008 totaled $193,996, which includes a $30,000 bonus paid to DuMouchelle in 2008. Factually, Four Zero One concedes that DuMouchelle received a $30,000 bonus in 2008. However, Four Zero One asserts that inclusion of a bonus in compensation for purposes of determining eligibility for the SBAC should be done based on the taxpayer's elected method of accounting. Given that Four Zero One follows an accrual method of accounting[1] and that Four Zero One deducted the bonus

---

[1] "Under an accrual method of accounting, income is includible in gross income when all the events have occurred which fix the right to receive such income and the amount thereof can be

-1-

in 2007, Four Zero One argues that the bonus received by DuMouchelle should be included as compensation for 2007, placing DuMouchelle's compensation for 2008 at $163,996.

Applying the definition of "compensation" set forth in MCL 208.1107(3), the tax tribunal concluded that a bonus constituted "compensation" for the tax year in which the bonus payment is made, irrespective of the taxpayer's method of accounting. Consequently, the tax tribunal included the $30,000 as compensation for 2008, resulting in compensation for DuMouchelle in excess of $180,000 for the 2008 tax year. Based on the conclusion that DuMouchelle's compensation exceeded $180,000 for 2008, the tax tribunal found Four Zero One ineligible for the SBAC and granted the department's motion for summary disposition.

On appeal, Four Zero One now argues that the tax tribunal erred in its interpretation of the term "compensation" as defined in the MBTA. Specifically, Four Zero One argues that, adhering to the last antecedent rule, the definition of "compensation" found in MCL 208.1107(3) does not expressly mandate a particular method of accounting for purposes of determining when a bonus must be included as compensation. Absent such direction, Four Zero One contends that the statute is ambiguous and should be interpreted in favor of the taxpayer, which in this case means interpreting the statute to allow for Four Zero One's accrual method of accounting. Additionally, Four Zero One asserts that the department's interpretation leads to absurd results insofar as the potential "mismatch" between the taxpayer's accounting method and the computation of "compensation" would allow taxpayers to manipulate the time of payment to become eligible for the SBAC. We disagree.

## I. STANDARD OF REVIEW

"This Court's review of Tax Tribunal decisions in nonproperty tax cases is limited to determining whether the decision is authorized by law and whether any factual findings are supported by competent, material, and substantial evidence on the whole record." *Toaz v Dep't of Treasury*, 280 Mich App 457, 459; 760 NW2d 325 (2008) (citation omitted). We review de novo a decision on a motion for summary disposition. *Ashley Capital, LLC v Dep't of Treasury*, 314 Mich App 1, 6; 884 NW2d 848 (2015). "A motion for summary disposition pursuant to MCR 2.116(C)(10) should be granted when the moving party is entitled to judgment as a matter of law because there is no genuine issue of material fact." *Sturrus v Dep't of Treasury*, 292 Mich App 639, 646; 809 NW2d 208 (2011).

The interpretation and application of a statute constitutes a question of law that this Court reviews de novo. *PIC Maint, Inc v Dep't of Treasury*, 293 Mich App 403, 407; 809 NW2d 669 (2011). "The primary goal of statutory interpretation is to give effect to the Legislature's intent, focusing first on the statute's plain language." *Orthopaedic Assoc of Grand Rapids, PC v Dep't of Treasury*, 300 Mich App 447, 451; 833 NW2d 395 (2013) (citation omitted). When construing statutory language, we "read the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined."

---

determined with reasonable accuracy." 26 CFR 1.451-1(a). In comparison, under a cash method of accounting, "such an amount is includible in gross income when actually or constructively received." 26 CFR 1.451-1(a).

*Midamerican Energy Co v Dep't of Treasury*, 308 Mich App 362, 370; 863 NW2d 387 (2014) (citation and quotation marks omitted). "[A] provision of the law is ambiguous only if it irreconcilably conflict[s] with another provision, or when it is *equally* susceptible to more than a single meaning." *Ashley Capital, LLC*, 314 Mich App at 6 (citation and quotation marks omitted). "If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Id.* (citation omitted).

## II. ANALYSIS

The statutory question presented in this case is whether Four Zero One may claim the SBAC as provided for in MCL 208.1417. If a taxpayer qualifies for the SBAC, the credit "is the amount by which the tax imposed under this act exceeds 1.8% of adjusted business income." MCL 208.1417(4). However, to claim the SBAC, there are several requirements, including ceilings on gross receipts, MCL 208.1417(1) and, relevant to this case, limitations on the amount of "compensation" and fees paid to corporate shareholders and officers, MCL 208.1417(1)(b). Specifically, the parties agree that Four Zero One's entitlement to the SBAC is controlled by MCL 208.1417(b)(*i*), which provides that:

> (b) A corporation other than a subchapter S corporation is disqualified if either of the following occur *for the respective tax year*:
>
> (*i*) *Compensation* and directors' fees of a shareholder or officer exceed $180,000.00. [Emphasis added.]

As defined by statute, in relevant part, the term "tax year" refers to "the calendar year, or the fiscal year ending during the calendar year, upon the basis of which the tax base of a taxpayer is computed under this act." MCL 208.1117(4). The term "compensation" has been defined by statute, in relevant part, as follows:

> "Compensation" means all wages, salaries, fees, bonuses, commissions, other payments made in the tax year on behalf of or for the benefit of employees, officers, or directors of the taxpayers, and any earnings that are net earnings from self-employment as defined under [26 USC 1402] of the taxpayer or a partner or limited liability company member of the taxpayer. Compensation includes, but is not limited to, payments that are subject to or specifically exempt or excepted from withholding under [26 USC 3401 to 26 USC 3406]. Compensation also includes, on a cash or accrual basis consistent with the taxpayer's method of accounting for federal income tax purposes, payments to a pension, retirement, or profit sharing plan other than those payments attributable to unfunded accrued actuarial liabilities, and payments for insurance for which employees are the beneficiaries, including payments under health and welfare and noninsured benefit plans and payment of fees for the administration of health and welfare and noninsured benefit plans. . . . [MCL 208.1107(3).]

Clearly, the term "compensation" has been expressly defined by statute to include "bonuses" as a form of compensation. The only question is *when* the bonus constitutes compensation, i.e., whether the definition of "compensation" requires inclusion of a bonus as

-3-

"compensation" in the year of payment or whether a taxpayer's election of an accrual method of accounting controls the calculation of "compensation" for a given year such that the bonus is included as "compensation" in the year in which the company deducts the bonus. Considering MCL 208.1107(3) as a whole and in context, we conclude that the definition of "compensation" is unambiguous and it is clear that a bonus should be counted as "compensation" in the year in which the payment of the bonus is made.

The term "bonuses" appears in the first sentence of MCL 208.1107(3), which begins by stating that compensation "means all wages, salaries, fees, bonuses, commissions, other payments made in the tax year on behalf of or for the benefit of employees, officers, or directors of the taxpayers, and any earnings that are net earnings from self-employment . . . ." MCL 208.1107(3). On its face, when read in isolation, this sentence does not overtly dictate that a specific method of accounting must be used to determine whether a bonus should be included as "compensation" for a given tax year. However, the definition of "compensation" is not limited to the bonuses, wages, commissions, fees, salaries and other payments mentioned in the first sentence of MCL 208.1107(3). Rather, the statutory definition of "compensation" goes on to identify numerous additional types of "compensation." See MCL 208.1107(3). Notably, in the third sentence, the statute specifies that "[c]ompensation also includes, *on a cash or accrual basis consistent with the taxpayer's method of accounting for federal income tax purposes*, payments to a pension, retirement, or profit sharing plan . . . ." MCL 208.1107(3) (emphasis added).

This practice of determining compensation in reference to the taxpayer's "cash or accrual" method of accounting is precisely the system that Four Zero One wants to inject into the first sentence of MCL 208.1107(3) for the determination of compensation consisting of bonuses, wages, salaries, commissions, and fees. Yet, the "cash or accrual" language so clearly articulated in the third sentence of the statute is noticeably missing from the first sentence. The fact that the Legislature chose to recognize the taxpayer's "cash or accrual" method of accounting with respect to the certain types of compensation specified in the third sentence of MCL 208.1107(3) makes plain that, had the Legislature similarly intended such a result with regard to bonuses (and wages, commissions, fees, and salaries), it knew how to make its intentions clear. Cf. *People v Brantley*, 296 Mich App 546, 558; 823 NW2d 290 (2012). In other words, when the Legislature has expressly included language in one part of a statute and omitted this same language elsewhere in the provision, this inclusion and omission should be construed as intentional. See *id.*; *Book-Gilbert v Greenleaf*, 302 Mich App 538, 541-542; 840 NW2d 743 (2013). Thus, we will not read into the first sentence of MCL 208.1107(3) language which the Legislature chose to omit. See *Book-Gilbert*, 302 Mich App at 542; *Brantley*, 296 Mich App at 558. Rather, applying the plain language of the statute, the taxpayer's method of accounting is relevant to the calculation of compensation involving pensions, retirement, and profit sharing; but, the taxpayer's method of accounting does not control the determination of "compensation" involving bonuses, commissions, fees, wages, salaries, and other payments. See MCL 208.1107(3).

Considering the first sentence of MCL 208.1107(3), we also agree with the department that, under the plain terms of the statute, a "bonus" is a type of "payment" and that, like the other payments identified in the first sentence of MCL 208.1107(3), a bonus counts as compensation in the tax year in which the payment is made. Again, MCL 208.1107(3) begins with a list of items,

-4-

namely "all wages, salaries, fees, bonuses, commissions, other payments made in the tax year on behalf of or for the benefit of employees, officers, or directors of the taxpayers and any earnings that are net earnings from self-employment . . . ." As commonly understood, "wages," "salaries," "fees," "bonuses," and "commissions" are types of payments.[2] That these terms refer to payments is also clear from the inclusion of the phrase "other payments" in the list of compensations in the first sentence of MCL 208.1107(3). See *Manuel v Gill*, 481 Mich 637, 650; 753 NW2d 48 (2008) ("It is a familiar principle of statutory construction that words grouped in a list should be given related meaning.") (citation omitted). In other words, the placement of the phrase "*other* payments" makes plain that the preceding terms in the list— wages, salaries, fees, bonuses, and commissions—are also types of "payments."

This listing of types of payments is significant as it leads to the conclusion that, without some indication to the contrary, a cash method of accounting is required. That is, the statute plainly identifies types of payments, which, quite simply, suggests *payment* consistent with a cash method of accounting as opposed to the mere accrual of obligations without payment having yet been made as contemplated by an accrual method of accounting.[3] See generally *United States v George*, 420 F3d 991, 996 (CA 9 2005) ("[F]ees paid to cash-basis taxpayers are income in the year actually paid . . . ."); *Interex, Inc v CIR*, 321 F3d 55, 58 (CA 1 2003) ("Accrual method taxpayers may deduct expenses when they are incurred even if they have not yet been paid. . . ."). Thus, in the absence of a reference to a taxpayer's method of accounting— of the type that appears in the third sentence of MCL 208.1107(3)—it appears from the plain definition of "compensation" that the Legislature intended for a cash method of accounting to apply, such that all wages, commissions, fees, salaries, bonuses, and other payments should be included as compensation in the year payment is made.

In contrast to this conclusion, Four Zero One contends that the statute is ambiguous and should be construed to avoid absurd results. Specifically, Four Zero One argues for the application of the last antecedent rule. Applying this rule, Four Zero One contends that "other payments" constitute compensation in the year these "other payments" are made consistent with a cash method of accounting, but that the statute is ambiguous with respect to when a bonus constitutes compensation. Based on the contention that the statute is ambiguous, Four Zero One urges this Court to interpret the statute in order to avoid the absurdity that will result if there is a

_____

[2] For instance, a "bonus" is "[s]omething given or paid in addition to what is usual or expected." *American Heritage Dictionary* (2011). In comparison, a "wage" refers to "regular payment, usually on an hourly, daily, or weekly basis . . . ." *American Heritage Dictionary* (2011). Likewise, a "commission" is "a fee paid to an agent or employee for transacting a piece of business or performing a service." *Merriam-Webster Collegiate Dictionary* (2014). In turn, a "fee" is "a sum paid or charged for a service." *Merriam-Webster Collegiate Dictionary* (2014). Finally, "salary" denotes "fixed compensation paid regularly for services." *Merriam-Webster Collegiate Dictionary* (2014).

[3] Indeed, in its reply brief, Four Zero One concedes that a statutory reference to "payments" "would lead one to conclude that the cash method is mandated . . . ."

"mismatch" between the taxpayer's method of accounting and the computation of "compensation" for purposes of the SBAC. We find these arguments to be without merit.

First, with respect to the last antecedent rule, once again, in part, the first sentence of MCL 208.1107(3) states: that "compensation" means "all wages, salaries, fees, bonuses, commissions, other payments made in the tax year on behalf of or for the benefit of employees, officers, or directors of the taxpayers, and any earnings that are net earnings from self-employment . . . ." Given the grammatical structure of this sentence, Four Zero One argues that, under the last antecedent rule, the phrase "made in the tax year on behalf of or for the benefit of employees, officers, or directors of the taxpayers" only modifies the phrase "other payments." See *Tuscola Co Bd Of Comm'rs v Tuscola Co Apportionment Comm*, 262 Mich App 421, 425; 686 NW2d 495 (2004) (explaining that, under the last antecedent rule, "a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation") (citation omitted). However, the last antecedent rule is merely one rule of statutory interpretation, and it should not be "applied blindly." *Hardaway v Wayne Co*, 494 Mich 423, 429; 835 NW2d 336 (2013). That is, it should not be applied if "there is something in the subject matter or dominant purpose which requires a different interpretation." *Tuscola Co Bd Of Comm'rs*, 262 Mich App at 425. See also *Duffy v Mich Dep't of Nat Res*, 490 Mich 198, 221; 805 NW2d 399 (2011).

In this case, we decline to apply the last antecedent in such a way as to impose a cash method of accounting solely for "other payments" while wages, bonuses, commissions, fees, and salaries may be calculated based on an accrual method of accounting. Considering MCL 208.1107(3) as a whole, we conclude that the Legislature did not intend such a result. As already discussed, all of the terms at issue—i.e., wages, commissions, salaries, bonuses, fees, and "other payments"—denote types of "payments" indicative of a cash method of accounting. Moreover, as discussed, this conclusion is further bolstered by the Legislature's express reference to a taxpayer's choice of a "cash or accrual" method elsewhere in the definition of "compensation," which makes plain that the omission of this language with respect to wages, commissions, bonuses, fees, and salaries was deliberate. See *Book-Gilbert*, 302 Mich App at 541-542. Additionally, while Four Zero One argues that it is only "other payments" that must be "made in the tax year," as emphasized by the department, this construction ignores the significance of the word "other," which in context indicates a purposeful similarity, rather than difference, between these *other* "payments made in the tax year" and the preceding list of wages, commissions, bonuses, salaries, and fees. Indeed, there would be no need to refer to "other" payments "made in the tax year" if *only* these unspecified "payments" had to be "made in the tax year." Instead, given its placement in the statute, use of the word "other" suggests that all specified payments— wages, fees, salaries, commissions, bonuses—as well as the unspecified other "payments" must be made in the tax year, consistent with a cash method of accounting, to constitute compensation for that year. In short, considering the statute as whole, we do not read the definition of "compensation" as singling out "other payments" for a cash method of accounting; rather, in context, it is clear that all payments identified in the first sentence of MCL 208.1107(3) are to be treated similarly and all of these payments are subject to a cash method of accounting for purposes of determining "compensation." Consequently, we reject Four Zero One's interpretation based on the application of the last antecedent rule.

Insofar as Four Zero One contends that the department's interpretation should be set aside in order to avoid absurd results, this argument is similarly without merit. The absurd result rule applies only when statutes are ambiguous, *Gauthier v Alpena Co Prosecutor*, 267 Mich App 167, 174; 703 NW2d 818 (2005), and, as we have determined, the statutory definition of "compensation" is unambiguous. Thus, there is no need to resort to the absurd result rule.[4]

Finally, we emphasize that our conclusions with respect to the meaning of "compensation" are in line with both the department's interpretation as well as the interpretation adopted by the tax tribunal. Specifically, both the department and tax tribunal have examined the statutory definition of "compensation" and opined that bonuses (as well as wages, commissions, fees, salaries, and other payments) must be included as "compensation" under MCL 208.1107(3) based on the year in which the payments are made. Their interpretation is "entitled to respectful consideration and, if persuasive, should not be overruled without cogent reasons." *Younkin v Zimmer*, 497 Mich 7, 10; 857 NW2d 244 (2014). See also *Inter Co-op Council v Tax Tribunal Dep't of Treasury*, 257 Mich App 219, 222; 668 NW2d 181 (2003) ("This Court defers to the tribunal's interpretation of a statute that it is charged with administering and enforcing."). Because their interpretation does not conflict with the Legislature's intent as expressed in the plain language of the statute, we see no "cogent reason" to adopt a different interpretation. See *Younkin*, 497 Mich at 10; *Kelly Servs, Inc v Treasury Dep't*, 296 Mich App 306, 311; 818 NW2d 482 (2012). Thus, we hold that, under MCL 208.1107(3), all bonuses, salaries, commissions, fees, wages and other payments are to be included as "compensation" in the year in which these payments are made.

## III. APPLICATION

Having determined that MCL 208.1107(3) requires inclusion of a bonus in the calculation of "compensation" for the year in which payment is made, the application to this case is simple and straightforward. It is uncontested that, although Four Zero One deducted the bonus in 2007, DuMouchelle actually received the $30,000 bonus in 2008, bringing his compensation in 2008 to $193,996. In these circumstances, Four Zero One exceeded the compensation limits imposed by MCL 208.1417(b)(*i*) and Four Zero One is therefore ineligible to claim the SBAC for the 2008

---

[4] While we find it unnecessary to reach the absurd result rule, we note briefly that the purported absurdity identified by Four Zero One would not be cured by the interpretation proposed by Four Zero One. Specifically, based on application of the last antecedent rule, Four Zero One appears to argue that a cash method of accounting applies solely to "other payments" while other forms of compensation would be calculated based on the taxpayer's selected method of accounting. Thus, with respect to "other payments" there would remain a possibility for a "mismatch" between the taxpayer's method of accounting and the calculation of compensation for purposes of the SBAC. We fail to see how this interpretation would result in the consistency that Four Zero One maintains is necessary to avoid manipulation of the SBAC. It strikes us that treating *all* payments in the first sentence of MCL 208.1107(3) in the same manner is a more consistent—and less absurd—approach than that offered by Four Zero One.

tax year. Thus, no material question of fact remains, and the tax tribunal properly granted the department's motion for summary disposition. MCR 2.116(C)(10).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Joel P. Hoekstra
/s/ Mark T. Boonstra