# STATE OF MICHIGAN

# COURT OF APPEALS

NATHAN HAYES,

        Petitioner-Appellant,

v

PAROLE BOARD,

        Respondent-Appellee.

FOR PUBLICATION
October 20, 2015
9:20 a.m.

No. 321547
Ingham Circuit Court
LC No. 13-000919-AW

Before: M. J. Kelly, P.J., and Murray and Shapiro, JJ.

PER CURIAM.

In this dispute over the right to be considered for parole, petitioner, Nathan Hayes, appeals by right the trial court's opinion and order denying his complaint for a writ of mandamus compelling respondent, Parole Board to consider him for parole. Because we conclude that Hayes established grounds for mandamus, we reverse and remand.

## I. BASIC FACTS

In January 1996, a jury found Hayes guilty of armed robbery, conspiracy to commit armed robbery, and possession of a firearm during the commission of a felony. The trial court sentenced Hayes as a habitual offender to serve concurrent terms of 20 to 30 years in prison for his armed robbery and conspiracy convictions, which were to be served consecutive to a two-year term for his felony-firearm conviction.

The "calendar minimum date" for Hayes' release is July 5, 2017. However, his "net minimum date"—his calendar minimum date less disciplinary credits—for release is October 2, 2013. There is no dispute as to whether Hayes has earned his disciplinary credits or concerning his net minimum date for release.

As early as 2008, Hayes began asking the Board to consider him for parole, but the Board repeatedly denied his requests. Hayes then asked Kalamazoo Circuit Court Judge Gary C. Giguere, Jr., who is the successor to Hayes' sentencing judge, to grant the Board jurisdiction to consider him for parole. Judge Giguere concluded that he did not have the authority to grant jurisdiction because the Board is automatically vested with jurisdiction. Notably, the Board was not involved in those proceedings.

-1-

Hayes then sued for a writ of mandamus. Specifically, he asked the trial court to order the Board to consider him for parole. The Board argued that mandamus was improper. It asserted that Hayes was not eligible for parole under MCL 769.12, that it did not have a clear legal duty to consider Hayes for parole, and that Hayes' proper avenue for relief was to appeal Judge Giguere's opinion and order. Hayes ultimately argued that the Board must consider him for parole after his net minimum date without the need for approval from his sentencing judge because it is only once that consideration has been made that the Board must obtain judicial approval. The trial court denied Hayes' request for a writ of mandamus and dismissed his complaint.

Hayes now appeals in this Court.

## II. MANDAMUS

### A. STANDARDS OF REVIEW

On appeal, Hayes argues that the trial court erred when it determined that he did not establish the right to a writ of mandamus compelling the Board to comply with its statutory duty to consider him for parole. This Court reviews the trial court's decision on a request for a writ of mandamus for an abuse of discretion, but reviews de novo the proper interpretation and application of the underlying law. *Younkin v Zimmer*, 497 Mich 7, 9; 857 NW2d 244 (2014) (quotation marks and citation omitted).

### B. ANALYSIS

"A writ of mandamus is an extraordinary remedy." *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 519; 810 NW2d 95 (2011). In order to obtain a writ of mandamus, the plaintiff must demonstrate that "(1) the plaintiff has a clear legal right to performance of the specific duty sought to be compelled, (2) the defendant has a clear legal duty to perform such act and (3) the act is ministerial, involving no exercise of discretion or judgment." *Vorva v Plymouth-Canton Community Sch Dist*, 230 Mich App 651, 655; 584 NW2d 743 (1998). "[A] clear legal right is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Rental Properties Owners Ass'n of Kent County v Kent County Treasurer*, 308 Mich App 498, 518-519; 866 NW2d 817 (2014) (quotation marks and citation omitted).

When construing a statute, this Court's "purpose is to discern and give effect to the Legislature's intent." *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999). We begin with the text, and, if the language is unambiguous, we "presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Id.* at 330. Further, "courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012) (quotation marks and citation omitted). We will, however, review the statute in context to produce—if at all possible—a harmonious and consistent construction of the whole statutory scheme. *People v Cunningham*, 496 Mich 145, 153-154; 852 NW2d 118 (2014).

"Statutes that address the same subject matter or share a common purpose are *in pari materia* and must be read collectively as one law, even when there is no reference to one another." *Menard Inc v Dep't of Treas*, 302 Mich App 467, 472; 838 NW2d 736 (2013).

Under MCL 769.12(4)(a), an offender is generally "not eligible for parole until" the expiration of the "minimum term fixed by the sentencing judge at the time of sentence unless the sentencing judge or a successor gives written approval for parole at an earlier date authorized by law." MCL 791.234(1) provides that the parole board acquires jurisdiction over "a prisoner sentenced to an indeterminate sentence and confined in a state correctional facility" when that prisoner "has served a period of time equal to the minimum sentence imposed by the court for the crime of which he or she was convicted, less good time and disciplinary credits, if applicable." Under MCL 791.235(1), the Board has an obligation to interview a prisoner before rejecting his or her parole: "a prisoner shall not be denied parole without an interview before 1 member of the parole board. The interview shall be conducted at least 1 month before the expiration of the prisoner's minimum sentence less applicable good time and disciplinary credits . . . ." Additionally, under MCL 791.235(7), "[a]t least 90 days before the expiration of the prisoner's minimum sentence less applicable good time and disciplinary credits . . . a parole eligibility report shall be prepared by appropriate institutional staff."

The Board claims that it has no obligation to review Hayes' request for parole because he is not "eligible for parole" under MCL 769.12(4)(a) until his sentencing judge or the judge's successor provides written approval. While it is true that MCL 769.12(4)(a) provides that Hayes will not be eligible for parole until the proper judge gives written approval, that by itself does not establish that the Board has no obligation to consider Hayes as a possible candidate for parole. The grant of parole generally means the grant of permission to leave confinement with certain restrictions. See *People v Armisted*, 295 Mich App 32, 42; 811 NW2d 47 (2011). The Board reads MCL 769.12(4)(a) as setting forth the necessary requirements for a prisoner to become eligible *to be considered* for release on parole; however, nothing in MCL 769.12(4)(a), or any other statute for that matter, requires written approval from the sentencing judge or his or her successor for a prisoner *to be considered* for release on parole. MCL 769.12(4)(a) requires written approval before a prisoner otherwise selected for parole will become eligible for the actual grant of parole. It does not require, as the Board suggests, written approval before a prisoner can even be considered for conditional release.

To adopt the Board's understanding would require us to ignore the unambiguous provisions of MCL 791.234 and MCL 791.235. Under MCL 791.234(1), Hayes became "subject to the jurisdiction of the parole board when [he had] served a period of time equal to the minimum sentence imposed by the court for the crime of which he or she was convicted, less good time and disciplinary credits[.]" No judicial approval was required. Consequently, at that point, the Board had a duty to consider whether he was a proper candidate for parole. At the very least, he was entitled to "an interview before 1 member of the parole board" unless the parole board concluded that he had "a low probability of being paroled[.]" MCL 791.235(1) and MCL 791.235(2). Additionally, he was entitled to have, and the parole board was required to create, "a parole eligibility report[.]" MCL 791.235(7). That did not happen despite the fact that Hayes' net minimum date has passed.

Under MCL 791.234 and MCL 791.235, the Board had to consider Hayes for parole before the expiration of his net minimum sentence. It is Hayes' right in conjunction with the Board's clear duty that renders mandamus proper. "Mandamus is an extraordinary remedy that may lie to compel the exercise of discretion, but not to compel its exercise in a particular manner." *Vorva*, 230 Mich App at 655-656. Once that consideration is complete, if the Board decides that parole is proper, then it must obtain the successor judge's approval before granting parole, as required under MCL 769.12(4)(a). Accordingly, Hayes is entitled a writ of mandamus.

## C. OTHER ISSUES

The Board claims that this appeal should be dismissed under MCL 600.5507, but that statute applies to civil actions concerning prison conditions, and MCL 600.5531(a) expressly excludes "proceedings challenging the fact or duration of confinement in prison, or parole appeals or major misconduct appeals" from that category.

The Board also warns that resolution of this issue in Hayes' favor could cause "a waste of valuable Parole Board resources to process a prisoner through a lengthy pre-parole process only to have the sentencing or successor judge deny it with a quick order." This argument fails to acknowledge that the Board's preferred construction would involve a similar use of resources, albeit by the trial courts rather than the Board. Under the Board's interpretation, trial courts would be the point of first contact for all prisoners who are nearing (or even think they are nearing) their net minimum sentence. The courts would have to investigate the requests, determine which prisoners are indeed nearing their net minimum sentence, and then make a decision, without the benefit of a parole report, as to whether granting parole is appropriate. Then, after expending valuable judicial time on the request, the Board could—as with the trial court—simply deny the request with a quick decision. Accordingly, this argument is not a valid basis for refusing to grant Hayes' request for relief.

The Board additionally contends that, because the relationship between MCL 791.234 and MCL 769.12 is ambiguous, there cannot be a "clear legal duty" on the part of the Board. MCL 791.234 and MCL 769.12 are not, however, ambiguous. A clear legal duty, like a clear legal right, is one that "is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Rental Properties Owners Ass'n*, 308 Mich App 518-519. Here, there is a clear legal duty on the part of the Board to consider Hayes for parole, and that duty cannot be disregarded due to the complex nature of the legal question involved.

Lastly, the Board argues that mandamus is improper because Hayes could have appealed Judge Giguere's opinion and order concerning the Board's jurisdiction. Judge Giguere's analysis was correct. Accordingly, had Hayes appealed that decision, he would have been asking this Court to affirm the decision and then go a step further and order the Board, which was not involved in that action, to consider him for parole. Such an appeal would have been improper. Here, mandamus relief is appropriate because the Board improperly refused to consider a prisoner for parole upon the expiration of his net minimum sentence. See *Phillips v Warden, State Prison of Southern Michigan*, 153 Mich App 557, 566; 396 NW2d 482 (1986).

## III. CONCLUSION

Hayes was entitled to mandamus relief.  We therefore reverse the trial court's opinion and order and remand this matter to the trial court to issue a writ of mandamus.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro