# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL G. BSHARAH,

       Plaintiff-Appellant,

v

WAYNE COUNTY CLERK and WAYNE
COUNTY ELECTION COMMISSION,

       Defendants-Appellees,

and

SYLVIA SANTANA,

       Intervening-Defendant-Appellee.

UNPUBLISHED
June 6, 2018

No. 344081
Wayne Circuit Court
LC No. 18-005594-AW

Before: RIORDAN, P.J., and MURRAY, C.J., and STEPHENS, J.

PER CURIAM.

In this action for a writ of mandamus, plaintiff appeals as of right the trial court's order dismissing his claim with prejudice.[1] We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Intervening-defendant Sylvia Santana currently serves as a representative for Michigan's Ninth District in the Michigan House of Representatives. Santana also is a candidate for Michigan State Senator for Michigan's Third District. In seeking to have her name listed on the ballot for the August 7, 2018 Michigan Democratic Party Primary Election, Santana submitted an affidavit of identity pursuant to MCL 168.558. She submitted that affidavit of identity on January 12, 2018, wherein she attested that "[a]t this date, all statements, reports, late filing fees, and fines due from me or any Candidate Committee organized to support my election to office

---

[1] We previously granted plaintiff's motion to expedite this appeal. *Bsharah v Wayne County Clerk*, unpublished order of the Court of Appeals, entered June 1, 2018 (Docket No. 344081).

under the Michigan Campaign Finance Act, PA 388 of 1976, have been filed or paid." The record is undisputed that Santana paid a late filing fee amounting to $2,000 on January 23, 2018, which had been outstanding since 2017. Thus, the record also is undisputed that Santana's affidavit of identity was false.

Plaintiff presented evidence allegedly establishing the falsity of Santana's affidavit of identification to defendant Wayne County Clerk Cathy Garrett. On May 15, 2018, Garrett refused plaintiff's request to keep Santana off of the ballot for the upcoming primary election. Shortly thereafter, plaintiff filed the present action with the trial court, seeking a writ of mandamus for the Wayne County Election Commission and Garrett as Wayne County Clerk to perform their clear legal duty to ensure that Santana's name did not appear on the ballot. The trial court denied the request, reasoning that Garrett did "not [have] a duty to go beyond the affidavit of identity to conduct an investigation," any requirement to go "beyond the affidavit of identity and look[] at other evidence turns the act from one of being ministerial to a discretionary act," and a separate legal remedy existed—a quo warranto action. This appeal followed.

## II. MANDAMUS

Plaintiff argues that the trial court committed error when it denied the request for a writ of mandamus and dismissed plaintiff's case. We disagree.

### A. STANDARD OF REVIEW AND GENERAL LAW

"[I]n a mandamus action this Court reviews de novo as questions of law whether a defendant has a clear legal duty to perform and whether a plaintiff has a clear legal right to performance." *Barrow v City of Detroit Election Comm*, 301 Mich App 404, 411; 836 NW2d 498 (2013). Likewise, we review de novo issues of statutory interpretation. *Cox v Hartman*, 322 Mich App 292, 298; 911 NW2d 219 (2017).

"A writ of mandamus is an extraordinary remedy." *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 519; 810 NW2d 95 (2011). The plaintiff bears "the burden of establishing entitlement to" that remedy and must prove the following four elements:

> (1) [T]he plaintiff has a clear legal right to the performance of the duty sought to be compelled, (2) the defendant has a clear legal duty to perform such act, (3) the act is ministerial in nature such that it involves no discretion or judgment, and (4) the plaintiff has no other adequate legal or equitable remedy. [*Barrow*, 301 Mich App at 412.]

"A clear legal right is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Hayes v Parole Bd*, 312 Mich App 774, 778; 886 NW2d 725 (2015) (brackets and quotation marks omitted). "A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Berry v Garrett*, 316 Mich App 37, 42; 890 NW2d 882 (2016), quoting *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 58 n 11; 832 NW2d 728 (2013).

### B. APPLICABLE STATUTORY LAW

Plaintiff's claim on appeal requires us to consider statutory language found in the Michigan Election Law, MCL 168.1 *et seq*. The Michigan Supreme Court provided the following guidance regarding the proper procedure for statutory interpretation:

> In interpreting [a statute], our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. In doing so, we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. [*Ronnisch Constr Group v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016) (internal citations omitted).]

Pursuant to MCL 168.558(1), a person "filing a nominating petition, qualifying petition, filing fee, or affidavit of candidacy for a . . . state . . . office in any election . . . shall file with the officer . . . 2 copies of an affidavit of identity." The specific section at issue, MCL 168.558(4), in its entirety reads:

> An affidavit of identity shall include a statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both. If a candidate files the affidavit of identity with an officer other than the county clerk or secretary of state, the officer shall immediately forward to the county clerk 1 copy of the affidavit of identity by first-class mail. The county clerk shall immediately forward 1 copy of the affidavit of identity for state and federal candidates to the secretary of state by first-class mail. An officer shall not certify to the board of election commissioners the name of a candidate who fails to comply with this section.

This Court in *Berry*, 316 Mich App at 43, discussed corollary provisions in the Michigan Election Law describing required governmental actions after an affidavit of identity has been submitted:

> The county clerk then certifies to the proper board(s) of election the name and address "of each party candidate whose petitions meet the requirements of this act, together with the name of the political party and the office for which he or she is a candidate." MCL 168.552(1). Section 552 includes detailed procedures for investigating and resolving complaints about nominating petitions, but the resolution of challenges to affidavits of identity is not addressed.

> Pursuant to MCL 168.559, the county election commission prepares and furnishes the official primary ballots. Notably, MCL 168.550 provides:

No candidate shall have his name printed upon any official primary election ballot of any political party in any voting precinct in this state unless he shall have filed nominating petitions according to the provisions of this act, and all other requirements of this act have been complied with in his behalf, except in those counties qualifying candidates upon the payment of fees.

Further, MCL 168.567 provides:

The boards of election commissioners shall correct such errors as may be found in said ballots, and a copy of such corrected ballots shall be sent to the secretary of state by the county clerk.

## C. ANALYSIS

The trial court properly denied plaintiff's request for a writ of mandamus. Undoubtedly, pursuant to our previous decision in *Berry*, 316 Mich App at 43-45, a failure to submit a facially proper affidavit of identity is grounds for such a writ. However, we believe the trial court was correct to distinguish the instant case where the affidavit of identity was allegedly undisputedly improper, but not facially so. Stated differently, when a challenge to an affidavit of identity requires the Wayne County Clerk or Wayne County Election Commission to look outside the four corners of the affidavit itself, a writ of mandamus is not the proper remedy.

One requirement for a writ of mandamus is that an official had "a clear legal duty to perform" the challenged act. *Barrow*, 301 Mich App at 412. MCL 168.558(4) provides that the Wayne County Clerk "shall not certify to the board of election commissioners the name of a candidate who fails to comply with this section." According to the plain language of the statute, we must determine whether Santana complied with MCL 168.558. Pursuant to MCL 168.558(2), the affidavit was required to contain a myriad of information, including Santana's name, address, and precinct where she was registered to vote, among other things. Santana undisputedly included that information. MCL 168.558(4) required Santana to "include a statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election . . . have been filed or paid." That subsection also required "a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both." *Id*. A review of Santana's affidavit of identity shows that it did have those statements, and plaintiff does not content that it did not. Instead, plaintiff asserts that the statements were false.

However, when Garrett engaged in her statutory authority to only certify candidates who complied with MCL 168.558, her inquiry only was whether the statements required in MCL 168.558(4) existed on the affidavit and were attested to by Santana. The statute did not require Garrett to consider whether Santana's statements were false or whether Santana committed

-4-

perjury and thus was subject to a fine and/or imprisonment.[2] Instead, Garrett only was required to ensure that Santana averred that she knew the penalty for lying about paying her fees or fines, which was perjury. This, Santana did. Whether, in doing so, Santana committed perjury and could be charged pursuant to MCL 168.933[3] was not a question for Garrett to consider. MCL 168.558(4). It is a question for the Wayne County Prosecutor to consider. Consequently, because Garrett did not have a clear legal duty to go beyond the face of the affidavit and consider whether Santana's affidavit of identity was truthful and whether the crime of perjury had been committed, a writ of mandamus properly was denied. MCL 168.558; *Barrow*, 301 Mich App at 412.

Plaintiff argues that we are bound by *Berry* to conclude otherwise. We disagree because the holding in *Berry* can easily be distinguished. To wit, the candidates in *Berry* undisputedly failed to provide a precinct number on their affidavits of identity. *Berry*, 316 Mich App at 40. The lack of a precinct number was a facial error pursuant to MCL 168.558(2); thus, we held that those candidates were not in compliance with the statute. *Berry*, 316 Mich App at 43-45. Consequently, the county clerk erred in certifying the candidates pursuant to MCL 158.558(4), and the plaintiff was entitled to a writ of mandamus. *Berry*, 316 Mich App at 43-45. Santana, to the contrary, included all of the required information, but may not have been truthful in doing so. Had Santana submitted an affidavit of identity that entirely left out the statements regarding payment of fees and fines, and the possible punishment for lying about such, then Garrett would have had a clear legal duty to refuse to certify Santana as a candidate for office. See *Berry*, 316 Mich App at 43-45. That is not the case before us.

Plaintiff also contends that Garrett had a clear duty to act because plaintiff provided her with unrebutted evidence that Santana lied on her affidavit of identity, thereby foreclosing any necessity for investigation. That argument does not affect our analysis. Garrett only would have had a clear duty to act if the affidavit of identity omitted required information. MCL 168.558(4). Therefore, the unrebutted nature of Santana's alleged false statement is ultimately irrelevant to the necessary inquiry because it infers a requirement for Garret to assess the veracity of the affidavit. *Id*.

Ultimately, we conclude that plaintiff's proposed construction of MCL 168.558(4) would read an additional requirement into the statute, requiring a county clerk to become the arbiter of truth or falsity of statements made in an affidavit of identity. We refuse to do so. See *Menard Inc v Dep't of Treas*, 302 Mich App 467, 472; 838 NW2d 736 (2013) ("When the Legislature

---

[2] This statutory scheme is similar to the registration provisions of the Securities Act of 1933 where the United States Securities and Exchange Commission's Division of Corporate Finance reviews a securities registration application for content only and not for accuracy or veracity. See 15 USC 77a, *et seq*. Like our State's election law regulatory scheme, other Federal civil and criminal enforcement mechanisms consider an applicant's accuracy and veracity.

[3] "A person who makes a false affidavit or swears falsely while under oath . . . for the purpose of qualifying as a candidate for elective office under section 558 is guilty of perjury." MCL 168.933 (footnote omitted).

fails to address a concern in the statute with a specific provision, the courts cannot insert a provision simply because it would have been wise of the Legislature to do so . . . ."). Nor do we believe that the omission of such a provision was somehow contrary to the Legislature's intent. The statute provides that a candidate must aver to their knowledge that a potentially serious punishment might result for including a false statement regarding payment of fines or fees. MCL 168.558(4). In doing so, the Legislature inferred its intent for a county clerk to accept the affidavit as provided and verify that the document contained the required information and averments, but allow for a prosecutor to seek criminal perjury charges if the candidate is later determined to have lied. *Id.*[4] Placing the responsibility for such an investigation on a county clerk when the statute does not provide for such a duty would be improper for us to do.[5]

### III. CONCLUSION

The trial court properly concluded that, under the circumstances, there was no clear legal duty to act pursuant to MCL 168.558. Thus, the trial court properly denied plaintiff's request for a writ of mandamus and dismissed his case. *Barrow*, 301 Mich App at 412.[6]

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens

---

[4] Defendants Wayne County Clerk and the Wayne County Election Commission cite extensively to legislative history in their brief on appeal in an attempt to explain the intent of the Legislature with respect to the relevant portions of the Michigan Election Law. However, in determining the Legislature's intent, we are required to rely on the text of the statute itself, not the statute's external legislative history. Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (St. Paul: Thomson/West, 2012), pp 56-57. See also *City of Fraser v Almeda Univ*, 314 Mich App 79, 95; 886 NW2d 730 (2016).

[5] Elsewhere in the Michigan Election Law, when the Legislature intends for a county clerk to engage in an investigation, it specifically provided statutory authority for the clerk to do so. See MCL 168.552(2) and (3).

[6] The parties, in their briefs on appeal, cite to *Anderson v Wayne County Clerk*, unpublished per curiam opinion of the Court of Appeals, issued February 18, 2000 (Docket No. 213191). That case, being unpublished, is not binding on this Court, so we will not consider it. MCR 7.215(C)(1). Moreover, we do not believe that the reasoning therein contains any persuasive guidance on the facts of the case presently before us.