*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRIPLE K WEALTH, LLC,

      Plaintiff-Appellant,

v

CITY OF EASTPOINTE MEDICAL MARIHUANA
FACILITY APPLICATION COMMITTEE,

      Defendant-Appellee.

UNPUBLISHED
April 20, 2023

No. 361599
Macomb Circuit Court
LC No. 2022-001009-AW

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Plaintiff submitted to defendant a permit application to operate a medical marijuana provisioning center in Eastpointe. Defendant was tasked with reviewing permit applications, but denied plaintiff's application and refused to consider it on the merits, concluding that it was incomplete. Plaintiff filed the instant action seeking a writ of mandamus compelling defendant to review plaintiff's permit application on the merits. The trial court denied plaintiff's motion, and plaintiff appeals that denial as of right. For the reasons explained in this opinion, we reverse the trial court's order dismissing plaintiff's motion for a writ of mandamus.

## I. BACKGROUND

This case involves the implementation, under the Medical Marihuana Facilities Licensing Act (MMFLA), MCL 333.27101 *et seq.*, of Eastpointe's medical marijuana facilities licensing ordinances. The essential facts are undisputed. This dispute arose after defendant denied plaintiff's permit application to operate a medical marijuana provisioning center in Eastpointe because plaintiff's permit application failed to include the correct filing fee for its site-plan application (which was required to be submitted as part of the larger permit application). This, in defendant's opinion, rendered plaintiff's entire permit application materially incomplete.

Plaintiff filed a complaint for injunctive and mandamus relief, asserting that defendant unlawfully determined that plaintiff's permit application was materially incomplete and precluded from further consideration due to the missing site-plan-application fee. According to plaintiff, the missing fee was not a material defect but an easily-remedied clerical defect. Plaintiff further

-1-

asserted that defendant's conclusion of incompleteness was contrary to the plain language of the applicable ordinances. Accordingly, plaintiff requested a preliminary injunction to enjoin defendant from continuing to evaluate other permit applications or awarding any permits without first considering plaintiff's "properly submitted and complete" permit application. Plaintiff also requested a writ of mandamus ordering defendant to accept plaintiff's permit application as complete and offer an opportunity for plaintiff to incorporate the missing payment information.

The trial court issued an opinion and order denying plaintiff's requests for injunctive and mandamus relief. The trial court reasoned in relevant part that, pursuant to Eastpointe's ordinances, plaintiff's application was not considered "complete" unless all fees were paid. This appeal followed.

## II. STANDARD OF REVIEW

On appeal, plaintiff only challenges the trial court's denial of its request for a writ of mandamus. "A trial court's decision whether to issue a writ of mandamus is reviewed for an abuse of discretion." *Lansing Sch Educ Ass'n v Lansing Sch Dist Bd of Educ*, 293 Mich App 506, 513; 810 NW2d 95 (2011). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Bay City v Bay County Treasurer*, 292 Mich App 156, 164; 807 NW2d 892 (2011). "But whether [a party] had a clear legal duty to perform and whether [the other party] had a clear legal right to the performance of that duty, thereby satisfying the first two steps in the test for assessing the propriety of a writ of mandamus, are questions of law, which this Court reviews de novo." *Lansing Sch Educ Ass'n*, 293 Mich App at 513. Any underlying issue of statutory interpretation, including the interpretation of local ordinances, is also reviewed de novo. *Bonner v Brighton*, 495 Mich 209, 221-222; 848 NW2d 380 (2014).

## III. ANALYSIS

Plaintiff argues that the trial court erred by concluding that its permit application was materially incomplete due to the missing fee. We conclude that, because the site-plan-application fee did not factor into a site-plan application's "completeness" under the applicable ordinances, defendant and the trial court erred by concluding that the missing fee rendered plaintiff's permit application incomplete. We further conclude that plaintiff was entitled to a writ of mandamus compelling defendant to review plaintiff's completed permit application on the merits.

> [T]he issuance of a writ of mandamus is proper only where (1) the party seeking the writ has a clear legal right to performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial and involves no exercise of discretion or judgment, and (4) no other remedy exists, legal or equitable, that might achieve the same result. [*Morales v Parole Bd*, 260 Mich App 29, 41; 676 NW2d 221 (2003).]

"A clear legal duty, like a clear legal right, is one that is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Hayes v Parole Bd*, 312 Mich App 774, 782; 886 NW2d 725 (2015). "A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave

nothing to the exercise of discretion or judgment." *Berry v Garrett*, 316 Mich App 37, 42; 890 NW2d 882 (2016).

Eastpointe Ordinance § 50-258 establishes the existence of Medical Marihuana Overlay Districts "to provide opportunities for the development of certain medical marihuana facilities that have been granted a permit by the city and have been granted a state license pursuant to the MMFLA." To secure such a permit, an applicant must submit to the city clerk various information, planning documents, and fees, including, as relevant here, a site-plan application. Eastpointe Ordinance § 10-230(a).[1] "A site plan of the location, building and the permitted property must be submitted for review and approval by the planning commission, in conformance with Article V of the city's Zoning Ordinance, Chapter 50." Eastpointe Ordinance § 10-230(a)(3)(J). Pursuant to Article V of the city's Zoning Ordinance, "Site plans shall be forwarded to the planner, engineer and city department heads and checked for completeness and no plans will be processed unless they are complete and unless all fees are paid in accordance with the schedule of fees adopted by the city council." Eastpointe Ordinance § 50-42(a). Eastpointe Ordinance § 10-230(e) provides when and under what circumstances permit applications will be reviewed, stating:

> A committee [referring to defendant], consisting of the city manager or designee, the director of public safety, and the building official or economic development manager, shall approve or deny the permit application within 90 days of receipt of the completed application and fees. . . . The city has no obligation to process or approve any incomplete permit application; and any times provided under this article shall not begin to run until the city receives a complete application, as determined by the committee. A determination of a complete application shall not prohibit the city from requiring supplemental information.

Finally, as to site-plan applications which must be submitted as part of a permit application, Eastpointe Ordinance §10-230(a)(3)(J) provides, "An application for site plan approval . . . that is materially incomplete or would result in a violation of state or local law shall be denied."

The trial court held that defendant was required by Eastpointe Ordinance §10-230(a)(3)(J) to deny plaintiff's entire permit application because the site-plan application was "materially incomplete." To reach this conclusion, the trial court relied on Eastpointe Ordinance §10-230(a)(3)(J)'s statement that a site plan application must be submitted "in conformance with Article V of the city's Zoning Ordinance, Chapter 50," and Eastpointe Ordinance § 50-42(a)'s statement that "no plans will be processed unless they are complete and unless all fees are paid in accordance with the schedule of fees adopted by the city council." The trial court reasoned that the language in these ordinances "unambiguously requires the payment of site plan application fees," and that any application that did not include such fees was materially incomplete—and thus "shall be denied" pursuant to Eastpointe Ordinance § 10-230(a)(3)(J)—because "a site plan application will not be processed if the fee was not paid." In other words, the trial court reasoned that plaintiff was required to submit a completed site-plan application as part of its completed

---

[1] Eastpointe's ordinances have been amended since the trial court decided this case. This opinion's citations are to the pre-amendment ordinances.

permit application, and because the missing fee rendered plaintiff's site-plan application materially incomplete, plaintiff's entire permit application was likewise materially incomplete.

We disagree with the trial court's interpretation of the pertinent ordinances, specifically its conclusion that the missing fee rendered plaintiff's site-plan application incomplete. "Municipal ordinances are interpreted and reviewed in the same manner as statutes." *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 136; 892 NW2d 33 (2016). As this Court has explained:

> In reviewing questions of statutory interpretation, we must discern and give effect to the Legislature's intent. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. [*Farris v McKaig*, 324 Mich App 349, 353; 920 NW2d 377 (2018) (quotation marks and citations omitted).]

As mentioned above, Eastpointe Ordinance § 10-230(a)(3)(J) requires site-plan applications included as part of a permit application to be submitted "in conformance with Article V of the city's Zoning Ordinance, Chapter 50," and Article V of the city's Zoning Ordinance provides in relevant part that no site plans "will be processed unless they are complete *and* unless all fees are paid in accordance with the schedule of fees adopted by the city council," Eastpointe Ordinance § 50-42(a) (emphasis added). The separate listing of whether a site-plan application is complete versus whether all fees were paid, separated by "and," indicates that payment of the site-plan-application fee is distinct from whether a site-plan application is complete.[2] See *United States Fid Ins & Guar Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 14; 795 NW2d 101 (2009) ("When the Legislature uses different words, the words are generally intended to connote different meanings."); *Hudsonville Creamery & Ice Cream Co, LLC v Dep't of Treasury*, 314 Mich App 726, 743; 887 NW2d 641 (2016) ("The word 'and' means 'in addition to.' ") (brackets omitted). While nonpayment of fees may prevent a site plan itself from being "processed" pursuant to the plain language of Eastpointe Ordinance § 50-42(a), it does not render a submitted site-plan application—let alone the overarching permit application—"incomplete," contrary to defendant's determination and the trial court's holding.[3]

---

[2] Had the ordinance intended for payment of a site-plan-application fee to factor into the site-plan application's completeness, it could have indicated as much by stating, for example, "no plan will be processed unless complete, including that all fees are paid."

[3] Plaintiff also makes a plausible argument that defendant overstepped its authority by scrutinizing the site-plan application for completeness in the first place. Eastpointe Ordinance § 50-42(a) provides that site plans will be "checked for completeness" by "the planner, engineer and city department heads"; it says nothing about defendant. While Eastpointe Ordinance § 10-230(a)(3)(J) states in no uncertain terms that an application for a site plan that is "materially incomplete" must be denied, it too lacks any indication that *defendant* is tasked with reviewing the site-plan application for completeness. There is, in fact, no ordinance explicitly empowering defendant with authority to review a site-plan application (as opposed to a permit application) for completeness. That said, there is also a plausible argument that defendant is implicitly empowered

The question remains whether plaintiff was entitled to a writ of mandamus, and we readily conclude that it was. Defendant does not dispute that plaintiff has a clear legal right to have a completed permit application reviewed on the merits, and either approved or denied. Eastpointe Ordinance § 10-230(e) states that defendant "shall approve or deny the permit application within 90 days of receipt of the completed application and fees."[4] This ordinance likewise places a clear legal duty on defendant to perform the act requested—to review the completed permit application on its merits, and either approve or deny it. The "use of the word 'shall' generally indicates a mandatory directive, not a discretionary act." *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013).

As to the third requirement—whether the requested act is ministerial—the parties disagree. "A ministerial act is one for which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of judgment or discretion." *Hanlin v Saugatuck Twp*, 299 Mich App 233, 248; 829 NW2d 335 (2013). Defendant argues on appeal that its determination about whether plaintiff's application was complete was not ministerial because it required defendant to exercise discretion. While defendant's argument may be persuasive in the abstract,[5] we agree with plaintiff that, at least as applied to plaintiff's application, the requested act is ministerial. Defendant deemed plaintiff's permit application "incomplete" solely because plaintiff's site-plan application was missing a fee. For the reasons explained, the missing fee did not render plaintiff's site-plan application "incomplete" based on the plain language of the pertinent ordinances. With no other stated basis for deeming plaintiff's permit application "incomplete," plaintiff's application should have been considered "complete."

---

to review a site-plan application for completeness given that it is tasked with reviewing permit applications for completeness, and a site-plan application must be submitted as part of a permit application. See Eastpointe Ordinance § 10-230(a)(3)(J). We need not resolve this question, however. For purposes of this opinion, we will assume without deciding that defendant was empowered to review a site-plan application for completeness.

[4] We acknowledge that Eastpointe Ordinance § 10-230(e) requires defendant to only approve or deny a completed permit application "within 90 days of receipt of the . . . fees." Defendant, however, does not contend—and has never contended—that plaintiff only had a legal right to have its permit application reviewed after defendant received the required site-plan-related fees. In its denial letter to plaintiff, defendant stated that plaintiff's permit application would be given "no further consideration" because the application was "deemed incomplete" due to the missing fee. Similarly, defendant on appeal argues only that it had no obligation to process plaintiff's "incomplete permit application." Accordingly, the issue as framed by defendant's denial of plaintiff's permit application and defendant's subsequent arguments is whether plaintiff's missing site-plan-application fee rendered plaintiff's permit application "incomplete" for purposes of Eastpointe Ordinance § 10-230(e) ("The city has no obligation to process or approve any incomplete permit applications[.]").

[5] While persuasive, we offer no opinion on the merits of defendant's argument. Eastpointe Ordinance § 10-230(a) offers a comprehensive list of all the materials that must be included as part of a permit application, and we offer no opinion on whether defendant must exercise any discretion when determining whether a listed item is included in an application.

Defendant's only duty with respect to a completed permit application is to evaluate the application on its merits, which is the act that plaintiff is requesting defendant to perform. Considering a completed permit application on its merits—as opposed to deciding whether to approve or deny the permit—is clearly a ministerial task that leaves no room for discretion. See Eastpointe Ordinance § 10-230(e) (stating that defendant "shall approve or deny" a completed permit application). Thus, as plaintiff contends on appeal, the requested act is ministerial at least as applied to plaintiff's application.

As to the final requirement for mandamus relief—that no other remedy exist—we agree with plaintiff that a writ of mandamus is the only available remedy to achieve its desired result. Both the limited number of permits available, as well as defendant's continuing efforts and compressed timeline to review the various permit applications, render mandamus relief as the only vehicle available to remedy defendant's erroneous denial of plaintiff's permit application. Moreover, contrary to defendant's argument, plaintiff's alternate request for a preliminary injunction makes no difference here. Accord *Warren City Council v Buffa*, 333 Mich App 422, 435-436; 960 NW2d 166 (2020) ("[R]equesting another form of relief does not prove entitlement to that relief."). Plaintiff's request for a preliminary injunction only sought to pause defendant's application-review process, while the request for mandamus relief sought an order for defendant to actually consider plaintiff's permit application as complete and submit it to a review on the merits. See *id*. at 436.

## IV. CONCLUSION

For the reasons explained throughout this opinion, plaintiff was entitled to a writ of mandamus compelling defendant to review plaintiff's completed permit application on the merits, and either approve or deny it. The trial court's opinion to the contrary is reversed, and the case is remanded to the trial court to enter an order granting plaintiff's motion for a writ of mandamus.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica

-6-